WM. TICHENOR, RESPONDENT, v. RACHEL KNAPP, APPELLANT.

SUIT TO QUIET TITLE—POSSESSION MUST BE LAWFUL.—Under section 500 of the civil code, which allows any person in possession to bring a suit to quiet title, the possession of a party to entitle him to maintain such suit, must be lawful.

APPEAL from Curry County.

The facts are stated in the opinion of the court.

*W. W. Thayer* and *S. H. Hazard,* for appellant.

*Knight & Lord* and *B. F. Bonham,* for respondent.

By the Court, BOISE, J.:

It appears from the pleadings in this case that the respondent Tichenor is the owner of a land claim in Curry county.

Rachel Knapp, the appellant, owns a lot which joins the land claim of Tichenor on the east; and the south-east corner of Tichenor's claim and the south-west corner of Rachel Knapp's lot are common to both parties. The controversy between the parties is as to the location of this corner. And a strip of land claimed by each which will belong to one or the other of the parties as the east line of the Tichenor claim is established by the location of this corner.

Prior to the commencement of this suit Mrs. Knapp brought an action of forcible entry and detainer against

Tichenor to recover from him this strip of land, and obtained a verdict and judgment against him. Tichenor being in possession of this land, immediately, on the obtaining of this judgment, brought this suit to quiet his title to said land against said Rachel Knapp, setting up title in himself, and asking that she be enjoined from proceeding to enforce said judgment against him. To this complaint Rachel Knapp answered, denying the title of Tichenor, and alleging that she is the owner of the land in question. This proceeding is prosecuted under section 500 of the code; and the appellant claims that this section does not apply to a case like this, and does not authorize the court to enjoin the execution of a judgment of forcible entry and detainer; that the judgment shows that Tichenor's possession is wrongful, and cannot be made available, as the ground on which a standing in a court of equity can be obtained; that to give a right of suit under section 500, the possession must be lawful, and we think this position is correct. If an unlawful possession be used to give a party a standing in a court of equity to quiet a title, then a person who is a tenant of another can enter under his landlord and then set up an equity in himself and dispute his landlord's title, and abrogate the well established rule that a tenant cannot dispute his landlord's title.

So, also, if such a rule prevails, one who claims an equity in land can dispossess the owner of the legal title by force, and then take advantage of his tortious entry to try his equity and make his forcible entry and possession lawful; such a construction would encourage entries on land by force, and breakers of the peace. We have examined the evidence in this case and think it is insufficient to sustain the plaintiff's bill. The evidence is conflicting, there being different surveys showing different results and the testimony of several witnesses, who swore to statements of Tichenor to the effect that the south-east corner of the claim was at the mouth of Gold Run and near where the appellant claims it to be. The corner seems to have been washed away by the action of the waters of the ocean, but the corner which was established directly north of this, as another corner of

the land claim, is still standing and recognized by both parties as correct. So there is no apparent difficulty in finding the correct location of the south-east corner, by running a line south from this ascertained and agreed corner. And we cannot see any difficulty in determining that matter. If the court could entertain this case under the statutes, we think the evidence on the part of respondent is too uncertain to sustain his bill.

From these considerations it follows that the decree of the court below will be reversed and respondent's bill dismissed.