MESSINGER v. NEW ENGLAND MUT. LIFE INS. CO.

(Circuit Court, W. D. Pennsylvania. January 15, 1894.)

No. 16.

RES JUDICATA—DISMISSAL OF BILL.

A decree dismissing a bill, made after sustaining a demurrer (which set up that the facts alleged constituted no cause of action) and no application to amend, is a final adjudication, and bars a subsequent suit between the same parties on the same subject-matter.

In Equity. Bill to cancel and rescind a release. Heard on a plea in bar. Plea sustained and bill dismissed.

D. W. Cox, Lorenzo Everett, and S. C. McCandless, for complainant.

A. A. Leiser and Shiras & Dickey, for defendant.

BUFFINGTON, District Judge. A bill in equity is here filed by I. N. Messinger, administrator d. b. n. of Joseph C. Raudenbush, against the New England Mutual Life Insurance Company, to cancel and rescind a release executed by a former administrator of all claims under a policy issued by the respondent company upon the life of said decedent. To this bill a plea is filed, setting forth that a final decree had been entered in favor of the respondent (which was unappealed from) in a suit in this court, at No. 34, November term, 1892, between the same parties, and involving the same subject-matter. In the former case the respondent demurred to the bill because it did not disclose facts sufficient to constitute a cause

of action, which demurrer was sustained by the court; and subsequently, no application to amend being made, a final decree was entered, dismissing the bill.   Such a decree is a final judgment of the rights of the parties, and is a bar to a subsequent suit between the same parties on the same subject-matter.   Alley v. Nott, 111 U. S. 473, 4 Sup. Ct. 495; Bissell v. Spring Valley Tp., 124 U. S. 232, 8 Sup. Ct. 495.

The parties to the present suit, and the subject-matter, being the same as those in the former suit, we are of opinion the plea is well founded, in point of law, and presents a complete defense to the bill, and the latter should be dismissed.