Argued February 13; decided April 8, 1895.

# O'HARA *v.* PARKER.

[ 39 Pac. 1004.]

1. RES JUDICATA—JUDGMENT IN FORMER SUIT AS A BAR.—Where an essential allegation was wanting in a complaint to which a demurrer was sustained, a decree of dismissal is not a bar to a second suit between the same parties and concerning the same subject matter, if the missing essential be fully supplied in the second complaint.

2. DEMURRER — PLEADING CONCLUSIONS.— A demurrer admits only those facts that are well pleaded, but does not admit averments of legal conclusions ; thus, in an action to remove a cloud from a title, an allegation that the tax deed under which defendant claims was void, because the officers who made the assessment and executed the deed were legally disqualified, and

failed to publish proper notice, are mere averments of a legal conclusion, and are not admitted by a demurrer.

3. CLOUD ON TITLE— POSSESSION— JURISDICTION OF EQUITY— CODE, § 500.— Where plaintiff holds such a legal title as affords an adequate remedy at law, he cannot maintain a suit to remove a cloud, under section 500 of Hill's Code, unless he is in actual possession: *Coolidge* v. *Forward*, 11 Or. 120, approved and followed; *Thompson* v. *Woolf*, 8 Or. 454, distinguished and criticised.

4. WAIVER OF OBJECTION TO JURISDICTION.—The objection that equity has no jurisdiction of an action to remove a cloud from title because plaintiff, who holds the legal title, is not in actual possession, is waived by defendant, where he does not challenge the plaintiff's right to proceed in equity by an appropriate plea, and himself prays for equitable relief: *Kitcherside* v. *Myers*, 10 Or. 23, approved and followed.

5. NOTICE OF TAX SALE— TIME OF PUBLICATION — CODE, § 291, SUBDIVISION 2. — Notice of tax sale under Hill's Code, § 291, subdivision 2, requiring four successive weeks' publication, must be published twenty-eight days, excluding the first day, and including the day of sale.

6. SALE FOR TAXES— PUBLIC AUCTION— CODE, §§ 292, 2826.— The sheriff's return of a tax sale must show that it was at public auction, as required by sections 292 and 2826 of Hill's Code.

APPEAL from Clatsop: THOS. A. McBRIDE, Judge.

This is a suit by P. O'Hara against H. B. Parker for the removal of a cloud from plaintiff's title. His complaint sets forth that he is the owner in fee simple, and is entitled to, and in the actual possession of, certain premises described as lot number six of section twenty-four, township eight north, range nine west, of the Willamette Meridian, in Clatsop County, Oregon, containing ten and seventy-five hundredths acres; that the defendant claims to be the owner of the same premises by virtue of a certain tax deed executed September twenty-ninth, eighteen hundred and eighty-eight, by G. W. Ross, then sheriff and tax collector of said county of Clatsop. A copy of this deed is set out *in extenso,* which is apparenly regular on its face. The complaint further states that said deed is a cloud upon plaintiff's title, and prevents him from selling, disposing of, or encumbering the premises, and

that defendant claims to be the absolute owner thereof, with the right to possess, occupy, hold, and use the same for his exclusive use and benefit. Many facts are then alleged by reason of which it is claimed the sheriff's or tax deed constituting the cloud is rendered void and of no effect to pass the title.

The defendant denies all the material allegations of the complaint, except the execution and delivery of the tax deed; and for a further and separate defense alleges that he is now and ever since the twenty-ninth day of September, eighteen hundred and eighty-eight, has been, the owner in fee simple and in the actual and peaceable possession of the premises; that, believing he was such owner, he honestly and in good faith made valuable improvements thereon, which has added to their value to the extent of seven hundred and fifty dollars. For a second further and separate defense the defendant alleges that prior to the commencement of this suit, to wit, on May twenty-eighth, eighteen hundred and ninety, the plaintiff instituted a suit against him in the Circuit Court for Clatsop County, founded upon the same facts and subject matter, and demanding the same relief, as in the suit at bar. A copy of the complaint in that suit is then set forth *in hæc verba,* the portions necessary for an understanding thereof being as follows: "*First*—That said plaintiff is the owner in fee and in possession of the following tract or parcel of land   *   *   *.   *Second*—That said defendant H. B. Parker claims an estate or interest in said tract of land adverse to plaintiff, by reason of a certain pretended tax deed, bearing record date September twenty-ninth, eighteen hundred and eighty-eight, and by him caused on the said twenty-ninth day of September, eighteen hundred and eighty-eight, to be filed in the office of the county clerk of Clatsop County, Oregon, on page 594 of book XII of Deeds of said

county.  *Third*—Said plaintiff avers that said pretended tax deed was in truth and fact illegally and unlawfully issued by the officers of said Clatsop County to the defendant, for the reason that the county assessor of said Clatsop County, who assessed said tract of land in the year eighteen hundred and eighty-four for taxation (upon which assessment said tax deed was issued), and also the county clerk and county sheriff of said Clatsop County, who authorized and issued and gave a tax deed to said defendant as alleged, were not qualified as directed by law, and failed to post and publish the proper notices as by statute provided for the taxation of real estate, and the issuing and delivering of tax deeds, and failed to issue and deliver said tax deed as by law they were bound to do.  *Fourth*—That said defendant paid to said sheriff of Clatsop County, as aforesaid, on the third day of July, eighteen hundred and eighty-five, for said tax deed, the sum of four dollars.  *Fifth*—That said tax deed still remains of record and is a cloud upon plaintiff's title." The relief demanded was (1) that defendant be required to set forth the nature of his claim; (2) that it be declared and adjudged that defendant has no estate nor interest in said premises, and that plaintiff's title is good and valid; and (3) that defendant be forever enjoined from asserting any claim whatever to said premises adverse to plaintiff.    It is further shown that a demurrer was interposed to this complaint, assigning as a reason therefor that it did not state facts sufficient to constitute a cause of suit. This demurrer was sustained by the court, and leave granted to file an amended complaint within sixty days. At the expiration of this period, the plaintiff refusing to plead further, a decree was given and entered dismissing his complaint and for costs.    This decree is pleaded as a bar to the present suit.    Plaintiff demurred to this defense, and, the demurrer being sustained, a trial was had

upon the merits, which resulted in a decree for defendant, from which plaintiff appeals.          REVERSED.

For appellant there was a brief by *Messrs. John H. and A. M. Smith,* and an oral argument by *Mr. John H. Smith.*

The evidence clearly shows that plaintiff was in the actual possession of the land when the suit was instituted, and we can see no reason why his right to bring the suit was not perfect. The Code does not require any specified time for plaintiff to be in possession, and once he has possession equity requires jurisdiction. No subsequent act can deprive equity of jurisdiction after it is once acquired. The rule requiring possession in plaintiff in order to bring a suit to quiet title is a technical one which originated where courts of law and chancery were entirely separate. The reason for the rule no longer exists, and its scope should be restricted rather than enlarged. This land is wild and uncultivated, and one having a deed to such land from one who is seized by deed can maintain a suit to remove a cloud, without being in actual possession: *Thompson* v. *Wolf,* 8 Or. 454; *Smith* v. *Dean,* 19 N. W. 642; *Graham* v. *Florida Land Company,* 33 Fla. 356 (14 So. 796).

But if defendant desired to raise this question, he should have done so by special plea; where he pleads to the merits, the question of the right to maintain the suit is waived: *Kitcherside* v. *Myers,* 10 Or. 21; *Gregory* v. *Lancaster County Bank,* 16 Neb. 411 (20 N. W. 286).

The tax deed, under which respondent claims, is void for several reasons: *First*—Section 2826, Hill's Code, requires that the notice for sales of real estate for delinquent taxes must be given by advertisement for four consecutive weeks before the sale. This means that the first notice must be published twenty-eight days prior to the day of sale, and if it is not so published the sale will

be void: *Early* v. *Doe,* 57 U. S. (16 How.) 610; *Olcott* v. *Robinson,* 20 Barb. 148; *Merideth* v. *Chancy,* 59 Ind. 466; *In re North Whitehall Township,* 27 Pa. St. 156; *Boyd* v. *McFalin,* 58 Ga. 208; *German Bank* v. *Stump,* 73 Mo. 311; *Bacon* v. *Kennedy,* 56 Mich. 329; *Wimbole* v. *Foote,* 2 Dak. 1.   *Second*— The provisions of Hill's Code, §§ 2752, 2760, and 2778 to 2781, were not complied with at all, which renders the tax void: *Wheeler* v. *Mill,* 40 Barb. 644; *Tierney* v. *Brown,* 67 Miss. 109 (6 So. 737); *Slaughter* v. *City of Louisville,* 89 Ky. 112 (8 S. W. 917); *Watson* v. *Campbell,* 56 Ark. 184 (19 S. W. 668).   *Third*—The return of the sheriff attached to the writ accompanying the delinquent roll does not show that the sale of the property in question was made at public auction, as required by sections 292 and 2826 of Hill's Code.   This, too, renders the deed void: *Bean* v. *Thompson,* 19 N. H. 290; *Cordigan* v. *Page,* 6 N. H. 182; *McClaney* v. *Rose,* 18 U. S. (5 Wheat.) 116; *Thatcher* v. *Powell,* 19 U. S. (6 Wheat.) 119; *Ludden* v. *Hansen,* 17 Neb. 354 (22 N. W. 766); *Kelsey* v. *McLaughlin,* 10 Neb. 6 (4 N. W. 361); *Marsh* v. *Chesnut,* 14 Ill. 223; *Billings* v. *Detten,* 15 Ill. 218; *Thomas Manufacturing Company* v. *Lathrop,* 7 Conn. 550.   *Fourth* —The sheriff's return does not show that the notices of sale were posted in three public places, which is fatal: Black on Tax Titles (2d ed.), § 214; Cooley on Taxation (1st ed.), 337; Blackwell on Tax Titles (4th ed.), 245, 513; *Wisconsin Central Railroad Company* v. *Wisconsin River Land Company,* 71 Wis. 94 (36 N. W. 837).

For respondent there was a brief by *Messrs. Fulton Brothers,* and an oral argument by *Mr. Charles W. Fulton.*

At the trial of the case defendant offered in evidence a certified copy of record in the former case between the plaintiff and defendant, which shows that prior to the beginning of this suit the plaintiff in this suit, instituted

in the Circuit Court for Clatsop County, a suit against the defendant herein, to quiet the title to the identical tract of land in controversy in this suit, and attacked the identical tax deed of this defendant which is attacked in this case, on precisely the same grounds, and the same relief is demanded as in this suit.   A demurrer was interposed to this complaint in this first suit, and was, after argument, sustained, and the plaintiff asked for, and was given sixty days in which to amend his complaint, which he failed to do, and a decree was rendered dismissing the suit.   This we respectfully submit is a complete bar to the suit: *Webber* v. *Schergens,* 28 Mo. App. 286; *Connecticut Mutual Life Insurance Company* v. *Smith,* 117 Mo. 261 (22 S. W. 623); *Nickless* v. *Pearson,* 126 Ind. 477 (26 N. E. 478); *City of Laporte* v. *Organ,* 5 Ind. App. 369 (32 N. E. 342); *Turner* v. *Cates,* 90 Ga. 731 (16 S. E. 971); *Messenger* v. *New England Mutual Life Insurance Company,* 59 Fed. 416; *Thomas* v. *Merry,* 13 Ind. 83 (15 N. E. 248); *Alley* v. *Nott,* 111 U. S. 472 (4 Sup. Ct. 495); *Bissell* v. *Township of Spring Valley,* 124 U. S. 231 (8 Sup. Ct. 495); *Hume* v. *Woodruff,* 26 Or. 373 (38 Pac. 191); Wells on Res Judicata, § 444; Bigelow on Estoppel (5th ed.), § 56.

In order to maintain this suit it is essential for the plaintiff to prove that he was in possession of the tract in dispute, and must further show such |possession to be actual *bona fide* and exclusive of the adverse claimant.   It is not sufficient that it be obtained under circumstances tending to show a trespass, and with the sole object of bringing suit: *Coolidge* v. *Forward,* 11 Or. 118; *Edgar* v. *Edgar,* 26 Or. 65 (37 Pac. 73); *Tichenor* v. *Knapp,* 6 Or. 205; *Stittson* v. *Cook,* 39 Mich. 755; *Watson* v. *Derheide,* 28 N. W. 726; *Swaze* v. *Bride,* 34 Mo. App. 414; *Glos* v. *Randolph,* 24 N. E. 426; *Dandt* v. *Keen,* 27 S. W. 361; *Dyer* v. *Baumeister,* 87 Mo. 136; *India Wharf Company* v. *Central Wharf Company,* 117 Mass.

504; *Abro* v. *Dayton*, 50 N. J. Eq. 570 (25 Atl. 937); Story's Equity, 219.

There are a number of other questions raised in appellant's complaint as to the validity of the various proceedings relating and leading up to, and upon which is based the tax deed of respondent for the disputed premises, but we are so firmly impressed with the correctness of these propositions, heretofore presented in this brief, that we do not deem it important to note any of these various questions, other than as suggested herein. We do not wish the court to understand that we admit the invalidity of these preliminary proceedings, or any of the proceedings upon which said tax deed is based or that the defendant has no title, but on the contrary we contend that he has a good and sufficient title, and that the proceedings relating to and upon which his tax deed is based were legal and valid, and the tax deed vested in him the legal title.

Opinion by MR. JUSTICE WOLVERTON.

1. We will consider first whether the decree upon the demurrer is a bar to this suit. It is settled by this court that "a decree sustaining a demurrer to a complaint, and dismissing the suit, because it does not state facts sufficient to constitute a cause of suit, is, until reversed, a final determination of the issues presented by such complaint, and can be pleaded as a bar to a subsequent suit for the same cause": *Hume* v. *Woodruff*, 26 Or. 373 (38 Pac. 192). Upon this proposition there seems to be no conflict of authority. See Black on Judgments, § 707; *Messinger* v. *New England Mutual Insurance Company*, 59 Fed. 416; *Nickless* v. *Pearson*, 126 Ind. 477 (26 N. E. 478); *Alley* v. *Nott*, 111 U. S. 472 (4 Sup. Ct. 495); *Bissell* v. *Spring Valley Township*, 124 U. S. 231 (8 Sup. Ct. 495); *Kimbro* v. *Virginia Railway Com-*

*pany*, 56 Ga. 187; Wells on Res Adjudicata, § 455. It is equally well settled, however, that when an essential allegation is wanting in a complaint to which a demurrer is sustained, followed by a decree of dismissal, which allegation is fully supplied in the second suit, the decree in the first is not a bar to the second, and this is so although the respective suits were instituted to enforce the same right, for the reason that the merits of the case as disclosed in the second complaint were not heard and decided in the former suit: *Gould* v. *Evansville Railroad Company*, 91 U. S. 534; *Gilman* v. *Rives*, 35 U. S. (10 Pet.), 293; Black on Judgments, § 707. The complaint in the case at bar was framed with the purpose in view of removing a cloud from title. It is held that in such a suit the complaint should state the nature of defendant's claim which constitutes the alleged cloud, and then state such facts and circumstances in respect to the claim as to show its invalidity. The suit is substantially one to determine the validity of some instrument or proceeding which it is claimed injuriously affects or clouds plaintiff's title: *Teal* v. *Collins*, 9 Or. 91. A suit to remove a cloud and one to quiet title are essentially different. In the latter it is sufficient to allege that the defendant claims an estate or interest in the property adverse to the plaintiff, and call upon him to assert the nature and character of such adverse estate or interest, and subject it to a judicial investigation, that the right of possession between them may be forever quieted. See *Teal* v. *Collins*, 9 Or. 91; *Stark* v. *Starr*, 73 U. S. (6 Wall.) 410. It is a common-law equitable remedy which was resorted to by the party in possession of real property where successive actions in ejectment had been brought against him, all of which had failed. Ejectment at common law being founded in fiction, and based upon a fictitious demise between fictitious parties, a judgment thereon did not constitute a bar to another or many

similar actions for the same premises.   Hence, to prevent being harassed and annoyed by continued unsuccessful assaults against his title, the party in possession could resort to this equitable remedy to enjoin further actions in ejectment, and thereby determine the controversy, and forever set at rest and quiet his title.   The remedy was also made available when many persons asserted equitable titles against a plaintiff in possession holding by legal or equitable title.   Section 504, Hill's Code, is an enlargement of this equitable remedy, and it is now the right of any person in possession of real property by himself or his tenant, founded upon title either legal or equitable, to have this remedy enforced against any person claiming an estate or interest adverse to him, without waiting for his possession to be disturbed by legal proceedings, or for successive or any judgments in ejectment to be given in his favor; whereas at common law it was necessary to await the action of the claimant, and to bide the time of defeating him in successive actions in ejectment, before the suit could be instituted.   Section 504 is also regarded as governing, wherever applicable, in cases of suit to remove cloud from title.

2.   It is difficult to ascertain from the complaint filed in the prior suit whether the pleader intended by it to institute a suit to remove a cloud, or to quiet the title to the premises in question.   The prayer would seem to indicate that his purpose was to quiet the title, while from the body of the complaint we take it that he intended to remove a cloud therefrom.   It is alleged that "the defendant claims an estate or interest in said tract of land adverse to plaintiff, by reason of a certain pretended tax deed," describing it.   Then it is alleged that said deed is void for the reason that the assessor who made the assessment, and the sheriff and clerk who were authorized to execute the deed "were not qualified as directed by law,

and failed to post and publish the proper notices, as by statute provided for the taxation of real estate, and the issuing and delivering of tax deeds, and failed to issue and deliver said tax deed as by law they were then bound to do, " and that the deed is a cloud upon the title.   The court below in deciding the demurrer evidently passed upon it in this light, and was undoubtedly right in his conclusion.   The complaint, perhaps, sufficiently describes the instrument by which it is claimed the title is clouded, but the statement of its infirmities are mere conclusions of law.   Not a single fact is alleged which, if admitted, would render the deed invalid.   A demurrer only admits facts which are well pleaded, but mere averments of a legal conclusion are not admitted by it, unless the facts and circumstances set forth are sufficient to sustain the allegation:* *Gould* v. *Evansville Railroad Company,* 91 U. S. 534, and *Dillon* v. *Barnard,* 88 U. S. ( 21 Wall.) ;437.   So that it cannot be said that this first complaint stated any facts which, if proven or admitted to be true, would be equivalent to a trial upon the merits of the case.   It is not so with the complaint in the case at bar.   Many specific facts and circumstances touching the assessment and equalization of taxes for· the year eighteen hundred and eighty-four, and the method of the execution thereof, by virtue of which the premises were sold and tax deed executed, are minutely and concisely alleged, showing the apparent invalidity of the instrument by which it is claimed plaintiff's title is clouded.   So we conclude that, as the former complaint stated no facts which in themselves would constitute a cause of suit, and upon which the case could have been determined upon its merits, the decree of the court sustaining the demurrer thereto and dismissing the cause, is not a bar to the present suit.

* In this connection, see also *Longshore Printing Company* v. *Howell,* 26 Or. 527, ( 28 L. R. A. 464).—REPORTER.

3. It was a disputed question at the trial whether plaintiff was in possession of the premises at the date of the commencement of the suit. We are satisfied from the testimony that he was not in the actual possession, either by himself or his tenant, and it is now made a question of law for our determination whether actual possession was necessary to enable plaintiff to maintain this suit to remove a cloud from his title. It has been held by this court (*Thompson* v. *Woolf,* 8 Or. 454,) that constructive possession, such as would result from a conveyance by deed from one in possession, is sufficient to maintain the suit; the reasoning being that such a deed confers seisin on the grantee without entry, and that seisen is constructive possession. This is possession in law which follows in the wake of title, and is distinguished from actual possession,—*pedis possessio,*—which means a foothold upon land accompanied with the real and effectual enjoyment of the estate, with the reception of its fruits, its rents, issues, and profits, and is usually evidenced by occupation, by a substantial enclosure, by cultivation, or by appropriate use according to the particular locality and quality of the property. The syllabus does not appear to be deducible from the opinion or the statement of the case. It states that "One owning wild lands, which he holds by deed from one seized by deed, is in such possession as to enable him to bring a suit in equity to remove a cloud from title, under section 500 of the Code." But the question as to whether the lands were wild was not considered by the court. Standing opposed to this decision is a later one by this court, that of *Coolidge* v. *Forward,* 11 Or. 120, (2 Pac. 297,) wherein WATSON, J., speaking for the court, says: "The language of this section, (500, now known as section 504, Hill's Code,) imports that actual possession was intended, and such has been the uniform construction placed upon similar provisions

to be found in the codes of many of the other states," citing several authorities; among others is *Wals* v. *Grosvenor,* 31 Wis. 681. So that the doctrine of *Thompson* v. *Woolf* is denied, or rather impliedly overruled by *Coolidge* v. *Forward.* These cases are cited by the counsel for the respective parties as authority in support of their opposing views, the plaintiff claiming that the possession necessary to support the suit may be constructive only, while the defendant insists that it must be actual, thus rendering a further examination of the question necessary. The Wisconsin case of *Wals* v. *Grosvenor,* 31 Wis. 681, arose under a statute very similar to ours. The court there decided that before he could avail himself of this equitable remedy the plaintiff should be in actual and visible possession, expressly overruling *Taylor* v. *Rountree,* 25 Wis. 391, which announced the doctrine that one in the constructive possession of wild and uncultivated land was in position to maintain the suit. The reasoning upon which the opinion was based was that a party out of possession had an adequate legal remedy, and referred to the statute of that state providing for the recovery of the possession of real property. Here, again, the statute is similar to ours, which provides that an action for such recovery shall be commenced against the person in the actual possession at the time, or, if the property be not in the actual possession of any one, then against the person acting as the owner thereof: Hill's Code, § 316.

Mr. Pomeroy in note 1 to section 1399, Vol. III, of his Equity Jurisprudence, says: "When the estate or interest to be protected is equitable, the jurisdiction should be exercised whether the plaintiff is in or out of possession, for under these circumstances legal remedies are not possible; but when the estate or interest is legal in its nature, the exercise of the jurisdiction depends upon the adequacy of legal remedies. Thus, for example, a plaintiff

out of possession, holding the legal title, will be left to his remedy by ejectment.   *   *   *   Where, on the other hand, a party out of possession has an equitable title, or where he holds the legal title under such circumstances that the law cannot furnish him full and complete relief, his resort to equity to have a cloud removed ought not to be questioned." This doctrine is approved and sustained by *Dull's Appeal,* 113 Pa. St. 510, 518 (6 Atl. 540), the court saying: "Of course it (the jurisdiction to remove a cloud) must be exercised only in plain cases, and with much care, and not at all where the party has had an adequate remedy at law." In *Moores* v. *Townshend,* 102 N. Y. 393 (7 N. E. 401), RUGER, J., speaking for the court, says: "We have been unable to find any case where a party out of possession has been allowed to sustain an action *quia timet* to remove a cloud upon title, except when it was especially authorized by statute, or when special circumstances existed affording grounds for equitable jurisdiction, aside from the mere allegation of legal title. Indeed, the right to resort to a court of equity in such cases was originally based upon the assumption that the legal title to the property had been established by an action at law, and jurisdiction was entertained solely for the purpose of protecting the party in the enjoyment of rights in possession thus legally established, and, while the jurisdiction has in course of time been somewhat extended, it has never been stretched to cover cases brought merely to establish a legal title, or recover possession alone." To the same effect see *Allen* v. *Hanks,* 136 U. S. 311 (10 Sup. Ct. 691); *Frost* v. *Spitley,* 121 U. S. 556 (7 Sup. Ct. 1129); *Fussell* v. *Gregg,* 113 U. S. 550 (5 Sup. Ct. 631); *United States* v. *Wilson,* 118 U. S. 89 (6 Sup. Ct. 991).

So it seems that when an adequate remedy at law exists a court of equity will not assume jurisdiction to remove a cloud from title. If a party is in possession he

27 OR.—22.

cannot have ejectment by which to establish his title and right of possession, and thereby set at rest any claim or controversy touching either; hence it is that equity provides him with a remedy whereby any person holding a deed or other instrument which may be vexatiously or injuriously used against him after the evidence to impeach or invalidate it is lost, or which may throw a cloud or suspicion over his title or interest, and thereby impair the full and adequate use of it, may be required by a competent court, upon a proper showing, to surrender or deliver up such deed or instrument for cancellation, or be enjoined from the injurious use of the same. Ordinarily, a party out of possession holding the legal title to real property has an ample remedy by ejectment, but not always. It sometimes happens that he holds such a title under circumstances rendering full and adequate relief at law unavailable. In such a case equity will come to his relief, otherwise he must seek it on the law side of the court. In every action of ejectment the party having the true legal title is in the constructive possession of the property in dispute, and the purpose of such action is to draw the actual to the constructive, or to settle the right of actual possession with the legal or better title in one and the same person. So that constructive possession may be in the one having the actual possession, or it may be in the other party to the action. Now, if a suit to quiet title could be based upon constructive possession alone, to compel him who is in the actual possession to set forth his title, that it may be judicially determined, the remedy would be concurrent with that at law by ejectment, and the simple question as to who has the better legal title could be determined in a court of equity as well as at law. Such a proposition is unsound and untenable, in view of the authorities. "Where the simple question is as to which is the better legal title, the party

should go to a court of law, if he is in a position to bring both titles before that tribunal": *Booth* v. *Wiley*, 102 Ill. 114, and note to 3 Pomeroy's Equity Jurisprudence, cited above. In some states relief is afforded in equity to a party out of possession, where the land is wild and uncultivated, but our statute makes no such provision. It provides simply that any person in possession by himself or tenant is entitled to bring the suit. The rules that govern at common law must therefore govern as to the administration of this equitable jurisdiction in our courts. We take it, therefore, that actual possession is necessary and requisite for the maintenance of a suit to remove a cloud from title, where the plaintiff, as in this case, holds the legal title.

4. Plaintiff contends, however, that notwithstanding the fact that he may not have been in possession of the premises, yet that, by reason of the defendant having answered to the merits, and submitted himself to equitable cognizance by proceeding with the trial of the cause without objection to the jurisdiction of the court to try and determine the matters in controversy, he has waived his right to object to the proceeding upon the ground that a court of equity is without jurisdiction. That a court of equity has jurisdiction to remove a cloud from title is undoubted, but as a condition of the court's exercising it the plaintiff must be in possession, if he is the owner of the legal title under such circumstances that the law can afford him ample relief. This condition, however, can be waived by the parties, and if the court proceeds with the exercise of jurisdiction it can grant the equitable relief appropriate in such cases. LORD, C. J., in *Kitcherside* v. *Myers*, 10 Or. 23, says: "The objection to the jurisdiction on the ground of an adequate remedy at law, in the absence of a demurrer to the complaint, comes too late after the defendant has by his answer put himself upon the merits,

and asked the court to determine the equities in the suit,"
citing *Creely* v. *Bay State Brick Company,* 103 Mass. 515, which
was a suit to enjoin a nuisance, and it was claimed that
plaintiffs had an adequate remedy at law for trespass, and
hence that a court of equity was without jurisdiction.
The court there say: ''The subject matter of the bill,
therefore, was clearly within the equity jurisdiction of the
court. The objection that the plaintiff has a complete
and adequate remedy at law, even if well founded, comes
too late. An objection of this kind should have been
made on demurrer, or at least should have been specially
relied upon in the answer, and not raised for the first time
at the hearing upon pleadings which suggest no such
ground of defense. Under such circumstances, the court
can hardly do otherwise than retain the cause, provided
it is competent to grant relief and have jurisdiction of the
subject matter; and of this we have no doubt."

Does the case at bar come within the doctrine here an-
nounced? A consideration of the pleadings, and of the
status of the parties interested, as found from the record,
will determine. The plaintiff alleges that he is the owner
in fee simple, and entitled to and in possession of the
premises, and then sets forth what the alleged cloud con-
sists of, and the infirmities of the defendant's apparent
title. The defendant, by his answer, after denying specific-
ally the allegations of the complaint, except the existence
of the tax deed, alleges that he is the owner in fee simple,
and entitled to and in the possession of the premises. He
then makes a claim for permanent improvements which
add to the value of the land, and pleads a former decree
by way of an estoppel. It will be seen that the answer con-
tains no special allegations by which one could infer that
defendant was relying upon the want of jurisdiction in a
court of equity to determine the matter in dispute. No
special or other plea to the jurisdiction is made. All the

allegations necessary to the trial of title and right of possession at law are present in the pleadings. Beyond this the plaintiff sets up grounds for equitable relief in asserting that there exists a cloud upon his title, and the defendant alleges affirmatively grounds for equitable relief in his answer; that is, that he has in good faith, believing that he was the owner, made improvements that have added to the value of the premises. If the action had proceeded in the first instance at law, this defense could have been made only by a cross-bill in equity, which would be a tacit admission that his paper title, the tax deed in this case, would not support a defense at law. The prayer of the defendant is "that defendant be decreed to be the owner in fee of the lands and premises," but "should the court, however, grant the prayer of plaintiff's complaint," then that the court "decree that said plaintiff pay the defendant the value of all improvements." This presents a record wherein both parties are stating grounds for equitable interference, and both are demanding equitable relief, yet each asks that his title be judicially determined and declared to be the better title. Defendant does not even ask that plaintiff's bill be dismissed, and there is no suggestion anywhere in the pleadings that want of jurisdiction in a court of equity to determine the controversy is relied upon as a defense. In this state of the case it would seem that the defendant's objection to the equitable jurisdiction of the court comes too late, when he insists upon it for the first time at the trial of the cause. It is said that proof of possession and title is necessary to entitle a party to recover in a suit to remove a cloud from title, but where the parties say in effect by their pleadings and con- tentions before the court that they want specific relief which alone a court of equity can administer, without regard to the court's especial jurisdiction, there can exist no good reason why the court should not grant the prayer,

if it has jurisdiction of the subject matter. The objection to the jurisdiction not appearing upon the face of the complaint, it should have been taken by some appropriate plea challenging the right of the plaintiff to proceed in equity, failing in which, and by his demand for affirmative equitable relief, the defendant has waived his right to now insist that the court is without jurisdiction because the plaintiff is without possession. In addition to cases cited on this subject see *Gregory* v. *Lancaster County Bank,* 16 Neb. 411 (20 N. W. 286); *Lewis* v. *Soule,* 52 Iowa, 11 (2 N.W. 400); *Love* v. *Bryson,* 57 Ark. 589 (22 S. W. 341).

5. The validity of the tax deed remains to be considered. A number of infirmities therein are alleged. We shall notice but two: *First*—The first notice of sale was published in the Weekly Astorian, June sixth, and the last on June twenty-seventh, eighteen hundred and eighty-five. The sale was had on Friday, July third, eighteen hundred and eighty-five. A computation of the time during which this notice was published, by excluding the first day of publication and including the day of sale, shows the notice to have been published but twenty-seven days. The statute, (Hill's Code, § 291, subdivision 21,) requires the publication to be for four weeks successively, which means twenty-eight days: Black on Tax Titles, § 210; *Early* v. *Doe,* 57 U. S. (16 How.) 610; *Meredith* v. *Chancey,* 59 Ind. 466; *Boyd* v. *McFarlin,* 58 Ga. 208; *Bacon* v. *Kenedy,* 56 Mich. 329 (22 N. W. 824).

6. *Second*—It is required that tax sales shall be made at public auction: Hill's Code, §§ 2826 and 292. It is not shown by the return of the sheriff that the sale was made in accordance with this requirement. The return should show this: Black on Tax Titles, § 242; *Bean* v. *Thompson,* 19 N. H. 290 (49 Am. Dec. 154); *Cardigan* v. *Page,* 6 N. H. 182. For these reasons the tax deed is void and ought to be removed as a cloud upon plaintiff's title.

The claim for improvements ought not to be allowed. All the permanent improvements that defendant placed upon the premises which may be considered as having added any value to it whatever consists of about eleven rods of diking at a small expense, from fifty dollars to seventy-five dollars, and they were placed there mainly for the purpose of benefiting the lands of defendant adjoining this tract in dispute. The plaintiff is entitled to the relief prayed for. It follows that the decree of the court below will be reversed, and one entered here in accordance with this opinion.                     REVERSED.