Submitted on briefs September 22, decided September 30, 1913.

## EAST MARSHFIELD LAND CO. *v.* WERLEY.

(135 Pac. 315.)

**Execution—Restraining Sale on Execution—Possession.**

1.  Section 516, L. O. L., provides that any person, claiming an interest in real property not in actual possession of another, may maintain a suit against another who claims an interest or estate therein adverse to him to determine such conflicting or adverse claims, interest, or estate. *Held*, that, where complainant sued to restrain the sale of certain real property ·levied on under a judgment against another, and it was ·conceded that plaintiff was the owner of the land in question, but the answer denied that it was included in the property levied on, complainant was entitled· to maintain the suit without averring possession of the premises.

**Boundaries—Plat—Contents—Evidence.**

2.  Evidence *held* to warrant a finding that lot 12, in block 28 in the townsite of East Marshfield was included in property levied on as the property of another than complainant, and described by metes and bounds.

From Coos: JOHN S. COKE, Judge.

En Banc.   Statement by MR. JUSTICE MOORE.

This is a suit by the East Marshfield Land Company, a corporation, against A. A. Werley, Geo. Watkins and W. W. Gage, sheriff of Coos County, Oregon, to enjoin the sale of real property on execution. The facts are that the plaintiff, a corporation, secured by mesne conveyances from the defendant A. A. Werley the legal title to lot 12, block 28, in the townsite of East Marshfield. Thereafter Werley caused an execution to be issued on a judgment which he had obtained against the Coos Bay Land Company, a corporation, and pursuant to that writ the defendant W. W. Gage, as sheriff of Coos County, levied upon real property in that town site, which he described by metes and bounds, and advertised to sell such premises. Thereupon this suit was instituted, the complaint setting forth in detail the facts hereinbefore stated, and averring that the land levied upon embraced the lot in question, and that, if a sale thereof were permitted, it would cast a cloud on plaintiff's title to its damage.

The answer admits that plaintiff is the owner of the lot referred to but denies that such land is included within the real property levied upon, or that plaintiff has any interest in the premises described by metes and bounds, or that it did not have a plain, speedy, and adequate remedy at law. Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court: 56 Or. 622 (117 Pac. xi).      AFFIRMED.

For appellants there was a brief by *Mr. George Watkins*.

For respondent there was a brief by *Mr. W. U. Douglas*.

MR. JUSTICE MOORE delivered the opinion of the court.

1. It is contended by the defendants' counsel that, since the plaintiff did not allege that it was in possession of lot 12, block 28, of the town site of East Marshfield, or aver that no person was in possession thereof, the complaint failed to state facts sufficient to constitute a cause of suit, and, this being so, an error was committed in enjoining the sale of the real property levied upon.

It is argued in support of the principle insisted upon that this suit is governed by the provisions of Section 516, L. O. L. That enactment reads: "Any person claiming an interest or estate in real estate not in the actual possession of another may maintain a suit in equity against another who claims an interest or estate therein adverse to him, for the purpose of determining such conflicting or adverse claims, interests, or estate." The statute originally required the plaintiff or his tenant to be in possession of real property as a condition precedent to the right to maintain a suit to determine an adverse claim to the land: Hill's Ann. Laws Or., § 504. This provision was amended February 22, 1909, so that the enlarged right now reads as hereinbefore quoted. Prior to that alteration the rule had been that, if an adverse claim were asserted to real property, to which the plaintiff held the legal title, and of which premises he was in the lawful possession, his occupation of the land precluded him from maintaining an action in ejectment, and, since there can be no wrong without a remedy, recourse to a court of equity was essential in order to determine the defendant's hostile declaration of estate or interest: *Tichenor* v. *Knapp,* 6 Or. 205; *O'Hara* v. *Parker,* 27 Or. 156 (39 Pac. 1004). Where, however, the holder of the legal title was out of possession, and his right to the

premises was denied by the defendant, his remedy was by an action of ejectment, and he could not maintain a suit in equity to determine an adverse claim: *Edgar v. Edgar,* 26 Or. 65 (37 Pac. 73). A suit to determine an adverse claim to real property and a suit to remove a cloud to the title to land are necessarily dissimilar: *O'Hara* v. *Parker,* 27 Or. 156 (39 Pac. 1004). In respect to the latter suit, it has been held that a court of equity, in the absence of an averment of the possession of property by the plaintiff, has jurisdiction of the subject matter, and may enjoin the clouding of the title, when such title is not disputed: *Coolidge* v. *Forward,* 11 Or. 118 (2 Pac. 292). In reaching that conclusion, Mr. Chief Justice WATSON, referring to the original enactment, which as amended now appears as Section 516, L. O. L., says: "But the adoption of such statutory provisions as Section 500 has never been supposed to have any effect upon the chancery jurisdiction as to cases not within the scope of their operation. Their purpose is to enlarge, not to impair, the ordinary jurisdiction. We have therefore to determine whether the suit is sustainable upon common-law principles in view of the facts alleged in the complaint. We shall assume that constructive possession, which is all the complaint shows in this case, is sufficient, so far as possession is concerned, to enable a plaintiff to maintain such a suit at common law, and independently of any positive legislation." In that case, however, the relief sought was denied on the ground that the plaintiff's title was disputed.

In the suit herein it is conceded that plaintiff is the owner of the land in question; but the answer denies that it is included within the real property levied upon. In order to prevent a threatened cloud, redress by injunction can be had only in a court of equity, in which case the plaintiff does not have an adequate remedy

at law, and for that reason he may invoke such relief without averring possession of the premises: *Kingsley* v. *Kressly,* 60 Or. 167, 176 (111 Pac. 385, 118 Pac. 678, Ann. Cas. 1913E, 746); *Thompson* v. *Lynch,* 29 Cal. 189. The complaint is sufficient in this particular.

2. The remaining question is whether lot 12 in block 28 in the townsite of East Marshfield is the real property levied upon under the execution mentioned. At the trial there was offered in evidence a photograph of the plat of that town, on which is delineated block 28. This tract has lots numbered from 1 to 10, inclusive, commencing at the northeast corner of the block, and extending west. Lot number 11 borders lot 10 on the west, but reaches farther north than any the lots mentioned. The west line of lot number 11 runs south 24 degrees west to a point due west of the south line of the lots first mentioned. The south part of that block does not appear to have been platted. At the southeast corner, however, is a small tract which was levied upon under the execution, which premises may be briefly described as commencing at the northwest corner of section 36, township 25 south, range 13 west of the Willamette meridian; thence east along the section line to the west line of First Street; thence south along the west line of that street to the north line of C Street; thence west along the north line of the latter street, and to the section line; thence north to the place of beginning. This tract is numbered on the photographic copy as lot 12. It lies west of block 27, from which it is separated by First Street, and extends south to C Street, which forms the south border of block 27. We think the premises thus particularly described are a part of block 28.

M. O. Hawkins, deputy assessor of Coos County, testified that he made a list of the property of that county for taxation, and omitted therefrom lot 12, and

further stated that, in his opinion, the figures 1 and 2 forming that number were not made on the original plat with the same ink nor by the same person as the other figures, and that he could not say that the figure 12 was not on the plat when it was filed.

R. L. Cavanaugh testified that three years before the trial of this cause he made a copy of the map of East Marshfield, and did not think the figure 12 in block 28 was then on the map. He corroborated Hawkins in respect to his opinion as to the ink used and the penmanship manifested in writing the figure 12 as compared with the other figures on the plat.

W. E. Douglas, however, testified that about 10 years before the trial he examined the plat of East Marshfield, and made a tracing thereof, further saying, in reference to the digits 1 and 2 used, to indicate the number 12, as delineated on the original map, "I am satisfied that the figures were on that lot, just as they are now."

We feel satisfied that the lot in question is the property levied upon, and that no error was committed in granting the relief awarded.

It follows that the decree should be affirmed, and it is so ordered.                                    Affirmed.

Mr. Chief Justice McBride, Mr. Justice Burnett and Mr. Justice Ramsey concur.