Argued February 10, reversed and remanded March 9, 1960
## SINK *v.* RAPTOR
349 P. 2d 1104

*C. X. Bollenback,* Portland, argued the cause and submitted briefs for appellant.

*James C. Dezendorf,* Portland, argued the cause for respondent. With him on the brief were Nicholas H. Zumas and Koerner, Young, McColloch & Dezendorf, Portland.

Before McAllister, Chief Justice, and Lusk, Sloan and Duncan, Justices.

SLOAN, J.

■ This was an action by plaintiff to recover the value of alleged unpaid additional compensation due him from the defendant by reason of prior employment of plaintiff by defendant. The defendant answered and denied that he was indebted to plaintiff. In addition to the denial defendant set forth a separate answer and so-called equitable defense. The affirmative matter in this separate answer alleged that plaintiff had been employed by defendant as an assistant manager and bookkeeper of various enterprises owned in whole or part by defendant. He alleged that plaintiff's duties required him to prepare payroll records and necessary payroll checks for signature of the defendant; that during all of the time of his employment plaintiff had made no claim for any additional compensation and that plaintiff had failed to report such claimed additional compensation to any of the government agencies which require reports of payroll records. Defendant then alleged that plaintiff's conduct and silence should "in equity and good conscience" estop plaintiff from now asserting a claim for additional wages. He alleged that he had no adequate remedy at law and prayed that plaintiff's action be stayed pending determination of this so-called equitable defense.

In response to this pleading plaintiff filed a motion to strike all of the portions of the answer which alleged jurisdiction in equity. The motion was denied with leave to renew the motion at the time of trial. On the day set for trial, and before the introduction of any evidence, plaintiff did renew his motion and demanded that the cause proceed as an action at law with a jury. The court again denied the motion and required plaintiff to proceed as in equity. At that point plaintiff filed a reply which denied the affirmative allegations of the answer. The court heard the matter sitting in equity and decided in favor of defendant. The plaintiff also objected to the court's findings and decree because of the lack of equity jurisdiction. The court entered a decree over plaintiff's objections and plaintiff appeals.

We pause to observe that plaintiff's motion to strike was the only pleading available to him. If we assume, but do not decide, that the affirmative answer alleged sufficient facts to create an estoppel, a demurrer could not have been sustained.

It cannot be seriously contended that the defendant's answer did allege facts that "required" the interposition of a court of equity as required by ORS 16.460. "The estoppel claimed is an estoppel in pais, sometimes called an estoppel by conduct, or an equitable estoppel, which, of course, is as fully available in law as in equity. Bigelow on Estoppel (6 Ed.) p. 604." *State v. Claypool*, (1934) 145 Or 615, 620, 28 P2d 882. *Comer v. World Insurance Co.*, (1957) 212 Or 105, 121, 318 P2d 916. The only real question presented by this appeal is: Did the plaintiff waive his right to proceed at law when he filed a reply and participated in the trial?

■ This is not a case like *Yellow Mfg. Accept. Corp.
v. Bristol,* (1951) 193 Or 24, 29, 43, 236 P2d 939, or
*Flaherty v. Bookhultz et al,* (1956) 207 Or 462, 472,
291 P2d 221, 297 P2d 856, where the party did not ob-
ject to equity jurisdiction. In this case the plaintiff
did object, both in the pleading stage and at the be-
ginning of the trial. It cannot be said under the cir-
cumstances of this case that either the defendant or
the court was not apprised of plaintiff's claim. The
only other thing plaintiff could have done under the
circumstances was to object to the introduction of any
evidence to support defendant's answer. Following
immediately after the court's ruling, this would have
been a useless gesture. Nor could the plaintiff indulge
in self help and walk out of the courtroom and refuse
to participate in the trial as was done in *Lessig v.
Conboy* (1959), 69 Adv Sh 825, 219 Or 373, 347 P2d 98.

Neither do we think, under the circumstances of
this case, that plaintiff waived his right to proceed at
law when he filed the reply. The reply was not filed
until after plaintiff had made a final motion to re-
quire the case to be tried at law and was overruled.
It could be said the reply was filed with protest. Cer-
tainly plaintiff could not have been required to sub-
mit to trial without a denial of defendant's allega-
tions. We recognize that *Pedro v. Vey* (1935) 150 Or
415, 39 P2d 963, 46 P2d 582, and cases there cited,
have held that a plaintiff waived objections to equity's
jurisdiction when he replied after his demurrer to a
defendant's cross bill had been overruled. If plain-
tiff in this case had filed his reply after the court
overruled his first motion to strike and had submitted
to the jurisdiction in equity without further objections,
then it could be held that he had waived his objections.
But plaintiff did not follow this course. He did not

file the reply until he had exhausted every recourse available to him, at that stage of the proceeding, to sustain his objections. As previously stated, the court was well aware of plaintiff's demand and refused it. To hold such conduct to be a waiver and that plaintiff thereby made "the equitable forum a matter of [his] own selection," *Pedro v. Vey,* supra, 150 Or at 425, would be to treat the matter of waiver as an absolute fiction.

The court erred in refusing to proceed at law. Whatever merits there may be to plaintiff's claim, which we do not pass upon, he was entitled to proceed at law. *Hunt et al v. Bishop* (1951) 191 Or 541, 229 P2d 960.

The decree is reversed and the cause is remanded with directions to strike the portion of the answer moved against and to proceed at law.