Argued July 14, affirmed December 29, 1967, petition for
rehearing denied May 22, 1968

# SCHALEK, *Appellant, v.* SALEM TITLE CO., *Respondent.*

435 P. 2d 1019
441 P. 2d 80

*Norman K. Winslow,* Salem, argued the cause and filed briefs for appellant.

*Robert W. DeArmond,* Salem, argued the cause for respondent. On the brief were DeArmond, Sherman & Barber, Salem.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, GOODWIN and DENECKE, Justices.

PERRY, C. J.

The facts of this case disclose that Mr. Surprenant was desirous of purchasing certain real property and plaintiff was desirous of selling the property located in Marion County. A price was agreed upon. Mr. Surprenant and plaintiff then went to the office of Mr. Surprenant's attorney who placed an order with the defendant requesting the issuance of title insurance on behalf of the purchaser. The attorney advised the defendant that the title stood in the names of William O. Martin and Martha A. Martin, his wife, as tenants by the entirety, and that William O. Martin was deceased. The defendant title company issued a preliminary report stating it was prepared to issue title insurance in the usual form, insuring the title to the land subject to the usual exceptions and stipulations and "recordation of the death certificate of William O. Martin in Marion County records," and the payment of several year's back taxes. The plaintiff caused the recording of the death certificate and the payment of delinquent taxes. Prior to the issuance of the title insurance, the defendant learned that plaintiff had obtained a divorce from William O. Martin and no property settlement between the parties had been decreed. The divorce decree had been entered

on May 2, 1936. Martin died after the divorce decree had become final. Upon this discovery, defendant refused to issue its policy insuring a fee simple title in Mr. Surprenant and his heirs and assigns. There is a dispute in the evidence as to whether plaintiff informed the attorney that she and William O. Martin were divorced prior to the issuance of the preliminary title report.

Before it had discovered the facts concerning the divorce, defendant had placed of record the warranty deed executed by plaintiff to Mr. Surprenant. The deed contained the following representations:

"Know all men by these presents that Martha A. Schalek, formerly Martha A. Martin, widow of William O. Martin,"

and that as grantor:

"she is lawfully seized in fee simple of the above granted premises."

After the deed was placed of record, Mr. Surprenant paid the consideration to the plaintiff and then, upon learning that plaintiff could not give a fee simple title to the property, brought an action to recover back the purchase price paid. In that action he prevailed.

The plaintiff states: "This appeal arises out of an action at law brought by plaintiff upon a policy of title insurance, or a contract for a policy of title insurance, involving real property in Marion County, Oregon." The plaintiff is uncertain and so are we, but the action seems to be in damages for breach of contract for refusal to issue a title policy, for in her third amended complaint she states:

"V

"That thereafter and on or about the 12th day of November, 1963, plaintiff inquired of the de-

fendant whether it had issued a title policy pursuant to her previous order and request. That thereupon defendant represented to the plaintiff the following:

"(1) That such a policy had been issued and sent to the attorney for said Arthur Surprenant;

"(2) That plaintiff owed the defendant the sum of $24.50 by way of a premium for said policy.

"That plaintiff believed and relied upon said representations and each of them, and paid the defendant said sum of $24.50.

## "VI

"That on or about the 5th day of December, 1963, defendant changed its position with reference to said title policy, and refused to deliver the same to Arthur Surprenant or the plaintiff. That thereupon Arthur Surprenant demanded of the plaintiff the return of his $1,600.00, and commenced an action against the plaintiff in the Circuit Court of the State of Oregon for Yamhill County, No. 24040, for the recovery of said $1,600.00.

## "VII

"That immediately thereupon, and thereafter, plaintiff called upon the defendant to defend her in connection with said Yamhill County Case No. 24040 and to perform the conditions of her agreement with it for the furnishing and delivery of a title policy to Arthur Surprenant, but defendant refused to either deliver the policy or to defend the action.

## "VIII

"That thereafter said Yamhill County case proceeded to judgment, and in connection therewith, plaintiff was compelled to and did employ an attorney to represent her in connection with the matter. That the reasonable charges of said attorney in connection with said case were and are the sum

of $750.00, and plaintiff incurred an additional sum of $22.15 by way of Court costs therein.

### "IX

"That said Yamhill County case was determined adversely to the plaintiff, and Judgment entered against her for the sum of $1,600.00, together with interest thereon at the rate of six per cent per annum from November 6, 1964 until paid, together with said Arthur Surprenant's costs and disbursements in the sum of $63.00. That plaintiff has been required to pay a portion of said judgment and will be required to pay the balance in the future.

### "X

"That on account of the matters hereinbefore set forth and alleged, defendant ought to be and is estopped to assert or contend that it never issued a title policy to Arthur Surprenant or the plaintiff, or that it is not liable to plaintiff thereon.

### "XI

"That heretofore and more than six months prior to the commencement of this action, plaintiff duly furnished proof of loss to the defendant with reference to her claim described herein, and the sum of $750.00 is a reasonable sum to be allowed by this court by way of plaintiff's attorney's fees in her action upon the defendant's policy and the breach thereof."

The defendant filed an answer denying in general the allegations of the plaintiff's complaint and as a separate answer and defense in equity alleged that a fraud was committed upon the defendant in that plaintiff knew or should have known that she was not the widow of William O. Martin and failed to disclose this fact to the defendant until after the preliminary report had been issued; that, therefore, plaintiff should

be estopped and restrained from proceeding against the defendant.

The plaintiff filed a reply, admitting that the real property was acquired during her marriage to William O. Martin and that they were subsequently divorced in Yamhill County; that the divorce proceedings were not recorded in Marion County; and for a further and separate reply alleged:

> "That plaintiff is neither a lawyer nor a title examiner, and has had no training with reference to the law of real property. That plaintiff furnished to defendant and its representatives such information as she had concerning the title to the real property described in her third amended complaint, her divorce, and all matters in relation thereto about which inquiry was made."

This matter came on for trial on the 22nd day of August, 1966. The plaintiff at this time made an oral motion to strike the defendant's answer and orally stated that the answer failed to state a cause of suit or defense in equity, and further stated that the matters attempted to be alleged therein did not require the interposition of a court of equity. The trial court denied plaintiff's oral motions and assumed equitable jurisdiction. The parties introduced their evidence and rested. After the trial court had heard the evidence and made findings of fact, plaintiff asked leave to file an amended reply which the trial court granted. In the amended reply, the above statement in the reply was deleted and as a further and separate reply plaintiff alleged:

> "That said answer does not state facts constituting a cause of suit or defense in equity, and plaintiff objects to hearing any of the issues alleged therein in a court of equity, and other than before a jury in a court of law."

The trial court entered a decree restraining the plaintiff from further proceeding in her action at law. Her complaint was dismissed with prejudice, and from this decree plaintiff appeals.

The ground of the appeal is that the trial court erred in assuming equitable jurisdiction.

It is the position of the plaintiff that, although the matters alleged in the answer set forth an equitable estoppel, or estoppel in pais, such an estoppel, although cognizable in a court of equity, may be enforced in a court of law, and, therefore, she was entitled to have her matter tried by a jury in a court of law.

■ Beginning with *Kitcherside v. Myers,* 10 Or 21, this court has held that an objection to the jurisdiction of a court of equity on the ground that a party has an adequate remedy at law must be raised by demurrer and comes too late after an answer to the merits. To the same effect are the following cases: *Oregon Farm Bureau v. Thompson,* 235 Or 162, 378 P2d 563, 384 P2d 182; *Barnes v. Eastern & Western Lbr. Co.,* 205 Or 553, 287 P2d 929; *Pedro v. Vey,* 150 Or 415, 39 P2d 963, 46 P2d 582; *Hudson v. Goldberg,* 123 Or 339, 262 P 223; *Nicholas v. Title & Trust Co.,* 79 Or 226, 154 P 391; *Bowsman v. Anderson,* 62 Or 431, 123 P 1092, 125 P 270; *State v. Blize,* 37 Or 404, 61 P 735; *O'Hara v. Parker,* 27 Or 156, 39 P 1004.

■ We now turn to the question of the plaintiff's amended reply. Even if the language of the reply could be construed as a demurrer on the ground that a court of equity was without jurisdiction as the defendant had an adequate remedy at law, such pleading comes too late after the matter has been tried and determined.

■ Considering then that defendant's answer only set forth an estoppel in pais and not a matter solely triable in a court of equity, the plaintiff waived her right to have the matter tried in a court of law.

The decree of the trial court is affirmed.

## ON PETITION FOR REHEARING

IN BANC

Submitted on appellant's petition for rehearing.

Norman K. Winslow, Salem, for the petitioner.

No appearance contra.

PETITION DENIED (NO OPINION).

DENECEKE, J., dissenting.

The plaintiff has filed a petition for rehearing contending that our decision and opinion were in error in holding that the plaintiff waived her right to object to the trial court's trying the defendant's affirmative defense in equity without a jury. A majority of the court has voted to deny the petition. I am of the opinion that we did err and would grant the petition for rehearing and hear and decide the case upon its merits.

The crux of our opinion is this statement: "Beginning with *Kitcherside v. Myers,* 10 Or. 21, this court has held that an objection to the jurisdiction of a court of equity on the ground that a party has an adequate remedy at law must be raised by demurrer and comes too late after an answer to the merits." 435 P2d at 1022.

The defendant has never at any stage of the proceedings contended that the plaintiff waived her right. And I am of the opinion that it is not the law of

Oregon that a party waives the right to object to the interposition of a court of equity if he does not file a demurrer upon such ground.

We have held that a demurrer is not the proper method to raise the objection:

"* * * Section 9-102, O.C.L.A. [now ORS 16.460], says:

" 'No cause shall be dismissed for having been brought on the wrong side of the court.'
Unless the complaint showed that the respondents were entitled to no relief, either at law or in equity, the demurrer was not sustainable: * * *." *Huebener v. Chinn,* 186 Or 508, 512, 207 P2d 1136 (1949). Accord, *Sink v. Raptor,* 220 Or 601, 603, 349 P2d 1104 (1960).

It is admitted in the instant case that the defendant's affirmative defense was cognizable in law, if it was not in equity; therefore, according to *Huebener v. Chinn,* supra (186 Or 508), and *Sink v. Raptor,* supra (220 Or 601), if the plaintiff had demurred, the trial court should have overruled it.

In my opinion a party waives the right to object to the trial of an issue by a court of equity only if he commences the trial without informing the court, by any means which will satisfactorily bring the matter to the court's attention, that he objects to the issue being tried in equity. I interpret the Oregon decisions to be in accord with this statement and to hold that the form of the objection is not the important consideration, but rather that the objection, in whatever form, be made before the court starts hearing the matter in equity.

"Unless the transaction averred in the complaint is wholly outside equitable cognizance, defendant who wishes to challenge the jurisdiction of the court

must do so promptly; and, normally, his objection comes too late if it is made for the first time after the trial has begun. * * *." *Barnes v. Eastern & Western Lbr. Co.,* 205 Or 553, 612-613, 287 P2d 929 (1955).

In the instant case the plaintiff had filed a reply, denying defendant's equitable defense, and the parties were ready to proceed at law with a jury when the trial court called their attention to the allegations in defendant's answer alleging an equitable defense. Both parties apologized for not earlier informing the court of such equitable defense and the defendant asked that this defense be heard first and by the court. The plaintiff then orally objected to the matter being heard in equity. Plaintiff labeled his oral objection, first, a demurrer and then a motion to strike. The trial court observed that the plaintiff had not waived her objection; however, it ruled adversely to the plaintiff on the merits of the objection.

In my opinion the test of whether a party should be held to have waived a procedural right is whether, "the conduct of one of the parties caused the opposing party, the trial court, or this court, to take some action because they were misled by such party's conduct." *Oregon Farm Bureau v. Thompson,* 235 Or 162, 200, 211, 378 P2d 563, 384 P2d 182 (1963) (dissenting opinion).

In the instant case no one was misled. The trial court ruled upon the substance of the objection. I regret to see this court decide a case upon the grounds that a dubious procedure was omitted, particularly when the omission had no effect whatsoever upon the outcome of the case or the conduct of the parties or the court.

O'CONNELL, J., joins in this dissent.