# BLOOMFIELD *v.* HUMASON, EX'X, ET AL.

JUDGMENT LIEN—EQUITABLE ESTATE.—A judgment is not a lien, in this state, upon a merely equitable interest in real property.

IDEM—CONVEYANCE—MISTAKE—LEVY.—A conveyance of realty executed in consideration and as payment of an antecedent debt, which does not pass the legal title to the property intended to be conveyed on account of misdescription, gives the grantor no superior right in equity to any other creditor of the grantor who afterwards recovers judgment, and procures the property to be levied upon under execution without notice of the grantee's claim.

IDEM—PURCHASER IN GOOD FAITH—NOTICE.—Such creditor, after the levy, without notice of prior equitable rights, is a purchaser in good faith, and for a valuable consideration, under the statute of this state.

APPEAL from Multnomah County.

*Williams, Durham & Thompson,* for appellant.

*P. L. Willis,* for respondents.

By the Court, WATSON, C. J.:

This suit was instituted by the appellant to enjoin the sale of real property upon an execution against the property of her alleged grantor. The grounds of suit alleged in the complaint are: (1) The appellant's equitable title and possession of the premises prior to the rendition of the judgment upon which such execution issued, and notice thereof to the respondents; (2) payment of $1,333 32, and a release by the plaintiff in the judgment of the lien thereof upon certain real property of A. C. Gibbs, the principal debtor, of a sufficient value to satisfy the remainder due upon the judgment, and that the appellant's grantor, Watkins, was only a surety for the debt represented in such judgment.

The answer puts the appellant's title and possession in controversy, as well as the release of the judgment lien, and only admits a payment of $881 59. To establish the payment upon the judgment alleged in the complaint, the appellant offered in evidence, at the trial in the court below, a transcript of certain records of the superior court of the city and county of San Francisco, in the state of California, consisting of the complaint, attachment papers, judgment entry, and execution, with sheriff's return indorsed, and also receipt for said sum of $1,333 32, indorsed in an action in said court, in which J. F. Fleming was plaintiff and the said Gibbs, Watkins, and one Cardwell, also a surety, were defendants. The respondents duly objected to the admission of the transcript as incompetent, and not properly certified. The certificate of the officer does not state that the copies composing this transcript, or any of them, have been compared by him with the originals, as required by section 738 of the Civil Code, and the respondents insist here that this alone is sufficient cause for rejecting them as evidence.

If the state law controlled, we could find no answer to this objection. The statute is clear and imperative upon this point. These copies are not authenticated in the mode prescribed by it, and the courts cannot dispense with its requirements. But the certificate does comply with the provisions of the federal law on the subject, and under that authority the evidence must be admitted. (U. S. Rev. St., 905.) This shows a payment of $1,333 32, as claimed by appellants. From this transcript it appears that the action of *Fleming* v. *Gibbs, Watkins, and Cardwell,* in the California court, was based upon the identical judgment upon which the execution sought to be enjoined in this suit was issued. Upon this, appellant insists that such original judgment merged in the new judgment obtained upon it in the California court, and that the execution afterwards issued upon it is therefore void. But there is no such issue in the pleadings. The suit is based upon the assumption of an existing judgment and valid execution, unless actually and constructively satisfied with respect to the sureties, Watkins and Cardwell, by the payment and alleged release of the judgment lien upon real property belonging to Gibbs, the principal debtor.

Whether the original judgment was assigned to Fleming, or had merged in a new judgment recovered by him on such original in another court, when the execution sought to be enjoined in this suit was issued, so as to render such execution a nullity, are questions not involved in the case before us, and need not be considered.

As to the alleged release of the judgment lien, several satisfactory answers might be given. The written instrument relied upon as a release was executed by the respondent, Phœbe M. Humason, in her individual capacity, and not as executrix of the estate of O. Humason, to which the

judgment belonged; and no order of the probate court authorizing her to execute a release on behalf of the estate is shown. But Gibbs never held the legal title: that was in E. J. Northrup as trustee for Gibbs and the other parties interested, and it seems as security, also, for the amount advanced by one of these parties to pay the original purchase price, which was more than the trustee was able to obtain afterwards for the entire property. Gibbs never had any legal title, and his interest was never worth, while the trustee held the title, as much as he owed upon his share of the purchase. But it was expressly decided by this court that a judgment is no lien upon a merely equitable interest in lands in this state. (*Smith* v. *Ingles*, 2 Or., 43.)

Conceding the remaining facts in the appellant's case to be just as favorable towards herself as she claims them to be, is she entitled to the relief she seeks? She was a creditor of her grantor, Watkins, and so was the executrix of O. Humason's estate. She sought to protect her interests by taking a conveyance of the property in controversy in payment of her demand. Her deed contains a fatal misdescription. It does not cover the land at all. The executrix afterwards, without notice, either actual or constructive,—such is our conclusion from all the facts in the case,—recovered judgment against the holder of the legal title and caused the property to be levied upon under an execution issued upon such judgment. Is not the equitable standing of the executrix equally as good as the appellant's, and the advantage gained by her levy upon the property decisive in her favor? They were both only creditors, and we can perceive no good reason why the successful party should not be permitted to retain her advantage. (*Dickerson* v. *Tillinghast*, 4 Paige, 219.) But if it were otherwise, we should feel compelled to hold that having procured the levy

of the execution without notice of any prior equitable right in the appellant, the executrix must be deemed a purchaser in good faith and for a valuable consideration under the statute. (*Boehreinger* v. *Creighton*, 10 Or., 42; Civil Code, 2807.)

The decree is modified as to the amount of the payment, and affirmed.

Waldo, J., not sitting.