[Argued April 10; decided June 26, 1894.]

## EDGAR v. EDGAR.
[S. C. 37 Pac. 73.]

1. EQUITY — WILLS — TRUSTS.—A court of equity will not entertain a suit for the construction of a will to ascertain if a trust is created thereby, where there are no facts alleged showing a trust for the benefit of plaintiffs, and the will, which is set out, does not necessarily create a trust.

2. WILLS — TRUSTS.—A will devising all the testator's property to his wife for her use and benefit, to use and control as she may wish during her lifetime, and reciting that at her death if the real estate has not been disposed of it is the testator's "will" that the same be sold and the proceeds be equally divided between all his heirs,— does not necessarily create a trust.

3. SUIT TO REMOVE CLOUD — POSSESSION — CODE, § 504.—A suit to have deeds declared a cloud on plaintiff's title cannot be maintained where the complaint shows that plaintiff is out of possession, and that his right to possession is denied by defendant.

APPEAL from Marion: GEO. H. BURNETT, Judge.

This is a suit in equity to have the will of Moses Edgar, deceased, judicially construed. The complaint shows that the will is in words and figures as follows, to wit:

"State of Oregon, County of Marion, ss.: This is to certify that I, Moses Edgar, of said county, do make this

my last will and testament: *First*, I give and bequeath all my property, both real and personal, to my wife, Susan Edgar, for her own use and benefit, to use and control as she may wish during her lifetime; and at her death, if the real estate has not been disposed of, it is my will that the same be sold and the proceeds thereof be equally divided between all my heirs. *Secondly*, I hereby appoint my son, George W. Edgar, as executor of this will, and authorize him to collect all demands due me, and to pay all debts due by me to others. It is my wish that there be no administration of my estate, nor no public sale of my property, but that, after all debts are paid, that all my property be turned over to my wife, for her use as above set forth. In witness, etc." It further appears that this will was duly proven and admitted to record, and that letters testamentary were issued to the executor thereof, who, having qualified, administered upon the personal property and effects of said estate, and, having filed his final account, was, by order of the county court, on the second day of May, eighteen hundred and seventy-one, discharged from further duty as such executor; that at the time of his death in eighteen hundred and seventy the said Moses Edgar was the owner in fee simple of the south half of the land claim donated by the government to him and his wife Susan, situated in township nine, etc., containing three hundred and eighteen acres of land; that he left surviving him the said Susan, and the several children of himself and said Susan named therein, as his heirs at law; * * * that after his death, his widow, by virtue of the provisions of the will, took possession of said lands, and continued in possession of the same until the first day of December, eighteen hundred and eighty-nine, when she executed and delivered to her son David Edgar a deed purporting to convey in fee simple the said lands in consideration of love and affection, the sum of one dollar, and

her support and maintenance during her natural life; that
the said David Edgar, on the fifth day of February, eight-
een hundred and ninety-three, executed and delivered to
the defendant, T. L. Golden, a deed purporting to convey
three hundred and ten acres of said land in fee simple, for
the consideration of five thousand dollars, and that the
said Golden had taken possession and claims to be the
owner thereof in fee simple by virtue of such deed; that
said deeds are contrary to the provisions of the will; that
the execution and record of the same clouds the title to
said lands, and will embarrass the sale thereof; and that
the said Susan Edgar died on or about the tenth day of
March, eighteen hundred and ninety-three, etc. A de-
murrer to the complaint upon the ground that it did not
state facts sufficient to constitute a cause of suit having
been sustained by the court, a decree was entered dis-
missing the suit, from which this appeal was brought.

AFFIRMED.

*Messrs. Reuben P. Boise*, and *Shaw & Hunt*, for Appellants.

*Messrs. D'Arcy & Bingham*, for Respondent Golden.

*Messrs. W. R. Bilyeu*, *Tilmon Ford*, and *Wm. M. Kaiser*,
for other Respondents.

Opinion by MR. CHIEF JUSTICE LORD.

1. The main object of this suit, as indicated by the ar-
gument, is to ascertain if the will in question creates a
trust, and, if it does, to have it enforced by a trustee to be
appointed by the court, none being named in the will. In
our inquiry as to the existence of the trust contended for,
we are not aided by averment, but are left to determine
the question from the language employed in the will itself.
The plaintiffs do not allege a trust for their benefit, and
ask a construction of the will as affecting such trust, nor

do they ask that a trust be declared, and that a trustee be appointed to execute it. They desire the will construed, and, to support the jurisdiction of the court, attempt to raise a trust by construction and argument. There must be actual litigation in respect to matters which are proper subjects of equity jurisdiction, such as trusts, before a court of equity can pass upon the interpretation of wills as incidental to its jurisdiction. Where parties plaintiff, by their complaint, allege a trust for their benefit, and seek its proper execution, they have a right to ask a court of equity, as incident to its jurisdiction over the subject matter, to construe the different parts of a will which affect such trust, where there is ambiguity or a disputed clause. In such case, the facts alleged disclose a trust which gives a court of equity jurisdiction, and enables it, as an incident of that jurisdiction, to give a construction to doubtful or disputed clauses in a will, when necessary to insure the due execution of the trust. As before stated, there are no facts alleged showing a trust for the benefit of plaintiffs. The will is set out, but it is not aided by any facts or suggestions disclosing a trust. Yet we are asked to give a construction to the will for the purpose of ascertaining whether it creates a trust, so that we must construe the will before we can know whether equity is authorized to exercise its jurisdiction in the premises.

2. The contention is that the language of the will, when properly interpreted, gives to Susan Edgar a life estate only, and that the fee descends to the heirs in trust for the purposes named. By this contention the trust is created by considering the words of the will wherein the testator declares that "if the real estate has not been disposed of at the death of my wife, it is my will that the same be sold and the proceeds thereof be equally divided between all my heirs," as precatory, and therefore creating a trust. It treats the word "will" as an expression of a desire upon

the part of the testator that his children, on the death of
his wife, shall share alike in the proceeds of the land, and,
as a deduction therefrom, that the estate descends to the
heirs, burdened with a trust.   This is but taking the will
by its four corners, and construing it so as to create a trust,
in order to give the court jurisdiction to construe such
will.   As the word "will" has been held to have an im-
perative force, and not to be classed among the precatory
words, (*McRee's Administrators* v. *Means*, 34 Ala. 364,) it
should be regarded as a command or direction.   But, if
the word "will" be regarded as an obligatory direction
by the testator that his estate be sold at the death of his
wife, and the proceeds distributed among his heirs equally,
it would be just as reasonable, especially in view of the
whole will, upon the theory of the plaintiffs, that the will
only gives a life estate to the wife, and no disposition be-
ing made of the fee, that it descended to the heirs unbur-
dened with a trust, subject to be sold at the death of the
wife, and its proceeds divided among such heirs, unless
Susan Edgar and such heirs disposed of the estate before
her death.   There is authority for the proposition that
where a testator directs his lands to be sold, without des-
ignating the person to sell, the executor takes the power
by implication, and that it is not necessary that the fee
should be in the executor to enable him to sell and convey the
land: 18 Am. and Eng. Ency. 952, and notes.   In this view
there would be no trust.   And the rule is well settled that
where there is no trust an heir at law cannot come into a
court of equity for the purpose of obtaining a judicial
construction of the provisions of the will, and thus deter-
mine the title to real estate.   The reason is that the decis-
ions of such questions is purely legal, and equity will not
assume jurisdiction to declare legal titles unless it has
acquired jurisdiction of the case for some other purpose:
*Bowers* v. *Smith*, 10 Paige, 193.   On the other hand, it is

by reason of the jurisdiction of equity over trusts that its courts, as an incident of such jurisdiction, take cognizance of and construe wills. But such courts do not take jurisdiction of suits brought solely for the construction of wills, or when legal titles are involved. In *Bailey* v. *Briggs*, 56 N, Y. 407, FOLGER, J., said: "It is when the court is moved in behalf of an executor, trustee, or *cestui que trust*, and to ensure a correct administration of the power conferred by a will, that jurisdiction is had to give a construction to a doubtful or disputed clause in a will. The jurisdiction is incidental to that over trusts." Manifestly, the complaint does not state facts which will give jurisdiction to a court of equity to entertain the case as one asking for a construction of the will.

3. Again, if it is the purpose of the suit to have the deeds decreed to be a cloud upon plaintiffs' title, it cannot be maintained, as the complaint shows that the plaintiffs are out of possession and that their right to the possession is denied by Golden: Code, § 504.

We think there was no error, and the bill must be dismissed.     AFFIRMED.