Argued 31 December, 1900; decided 25 February, 1901.

## SILVER *v.* LEE.

[63 Pac. 882.]

LAND — LIABILITY OF EQUITABLE INTEREST TO LEVY AND SALE.

1. Where an insolvent debtor purchases land, and causes it to be conveyed directly to a trustee, he has no interest therein which is subject to sale on execution against him, and, of course, a purchaser of such land at an execution sale acquires no title whatever: *Bloomfield* v. *Humason*, 11 Or. 229, applied.

JURISDICTION TO REMOVE CLOUD — POSSESSION BY PLAINTIFF.

2. A legal title, either one resting on records or on adverse possession, cannot be asserted in equity, as by a suit to remove a cloud from a title, except by one in possession: *O'Hara* v. *Parker*, 27 Or. 156, followed.

From Columbia: THOS. A. McBRIDE, Judge.

This is a suit by Joseph Silver against Wm. C. Lee for a decree establishing title in the plaintiff to a tract of land one hundred feet square, in the town of Rainier, and for the cancellation of a deed thereto from one Mary Ann Watkins to the defendant. The facts are that on June 8, 1877, one George Watkins, while indebted to J. O. Hanthorn & Company, purchased the land in controversy, and caused it to be conveyed to his wife, Mary Ann Watkins. On the twentieth of December, 1877, Hanthorn & Company commenced an action at law against Watkins, and caused the property in controversy to be attached. Subsequently such proceedings were had in the action that a judgment was rendered in favor of the company, and the attached property was sold at sheriff's sale, and purchased by one Wadhams, who received a sheriff's deed therefor. At the time of the sheriff's sale Mrs. Watkins was residing upon the land, and continued to live there until the dwelling house was destroyed by fire, in January, 1880, since which time she has not occupied the premises. Soon thereafter, Wadhams made some arrange-

ment with the plaintiff, who lives immediately adjoining, to
look after the property for him, which the plaintiff continued
to do until December 20, 1887. He then purchased Wad-
hams' right, title, and interest, and thereafter exercised acts
of ownership, such as keeping the fences in repair, planting
out trees, cutting grass, and pasturing stock, until about
June 4, 1892, when the defendant, who had in the meantime
purchased from Mrs. Watkins, entered and took possession,
and has since lived in the only house or building thereon,
claiming actual possession of the entire tract. This suit was
commenced May 2, 1896. The complaint, among other
things, alleges that the property was conveyed to Mrs. Wat-
kins at the request of her husband, for the purpose of de-
frauding his creditors, and especially Hanthorn & Com-
pany; that Wadhams, the purchaser at the sheriff's sale,
took possession of the property on or about the twenty-sixth
of August, 1879, and continued to hold the same adversely
until December 20, 1887, when he sold to the plaintiff; that
the plaintiff immediately entered into the full and complete
possession of all the premises, claiming to hold the same ad-
versely to all the world, and continuously maintained such
possession until June 4, 1892, "at which time the defendant
procured from Mrs. Mary Ann Watkins a deed releasing
and relinquishing any right she might have in said land to
him, * * * since which time the defendant has been
claiming, and is now claiming, some right or interest in and
to said land, and since which time the defendant has forcibly
entered onto a portion of said land, and has had possession
thereof, and has refused, and still refuses, to vacate, and
leave plaintiff undisturbed in his possession thereof." The
answer denies the material allegations of the complaint, ex-
cept that defendant procured a deed from Mrs. Watkins for
the land in question, in pursuance of which he entered into
and took possession, and, for an affirmative defense, avers
that he is, and for years prior to the filing of the complaint

was, the owner and in possession of all the property described in the complaint. The cause was tried before the court below upon the pleadings and testimony, and a decree rendered in favor of the plaintiff, adjudging that he is the owner of the legal and equitable title to the property, and directing that an execution issue commanding the sheriff to place him in the full and peaceable possession and enjoyment thereof. From this decree the defendant appeals.          REVERSED.

For appellant there was a brief over the names of *Schuyler C. Spencer* and *Dan J. Malarkey,* and an oral argument by *Mr. Spencer.*

For respondent there was a brief over the name of *W. J. Rice.*

1.   It is settled law that, where the estate or interest in real property is legal in its nature, a court of equity will not assume jurisdiction at the suit of the owner to try and determine a dispute to the title, unless he is in possession, but will leave him to his remedy at law. In this case there are no special circumstances affording ground for equitable jurisdiction.   The plaintiff's title, if any, is a legal one, founded upon adverse possession.   The proceedings in the action of Hanthorn & Company against Watkins gave the purchaser no title to the property, either legal or equitable.   Although Watkins purchased and paid for the land, and, it may be conceded, caused it to be conveyed to his wife for the purpose of defrauding his creditors, he had no interest therein to which the lien of a judgment could attach, or which could be sold under an execution.   Where land is purchased and paid for by one person, but conveyed to another, a trust results in favor of the person who paid the price *(Parker* v. *Newitt,* 18 Or. 274, 23 Pac. 246; *Taylor* v. *Miles,* 19 Or. 550, 25 Pac. 143) ; but it is a mere equitable interest, and

in this state cannot be seised or sold on execution: *Smith*
v. *Ingles,* 2 Or. 43; *Bloomfield* v. *Humason,* 11 Or. 229 (4
Pac. 332). Nor in such case can the title be reached by an
execution against the *cestui que trust,* even if the convey-
ance was made for the express purpose of defrauding cred-
itors. The property may, of course, be made to contribute
to the payment of the debts of its real owner, but the remedy
of the creditor is in equity, and not at law. Mr. Freeman
says: "Where a debtor has fraudulently conveyed his prop-
erty, it may be taken on execution against him, because, in
favor of his creditors, he is still considered as the owner of
the legal as well as of the equitable title. But when he has
fraudulently bought property, and had the title taken in the
name of another, the circumstances are different, though the
object is the same. If the transfer were treated as void, the
title would remain in the person of whom the purchase was
made, and this would be of no advantage to the creditors.
The transfer must therefore be treated as valid, and as trans-
mitting the legal title to the person named in the deed. This
legal title cannot be reached by the levy of an execution
against the debtor, because he has never owned it. The
creditors must therefore resort to equity, except in a few
states, where statutes have been enacted to enable them to
reach it at law": 1 Freeman, Ex'ns (3 ed.), § 136. See,
also, 14 Am. & Eng. Enc. Law (2 ed.), 313; Wait, Fraud.
Conv., § 57; *Robertson* v. *Sayre,* 134 N. Y. 97 (31 N. E.
250); *In re Estes,* 6 Sawy. 459 (Fed. Cas. No. 4,536).

2. It follows, therefore, that the plaintiff has no stand-
ing in equity, on the theory that he has an equitable title
which he could not assert at law; for no title or interest
whatever in the property was acquired by the sale under the
judgment of Hanthorn & Company. His title, then, rests
entirely upon adverse possession, and, before he can assert
such a title in equity, he must be in possession of the prop-
erty: *Coolidge* v. *Forward,* 11 Or. 118 (2 Pac. 292);

*O'Hara* v. *Parker, 27* Or. 156 (39 Pac. 1004). The complaint alleges, the court found, and the evidence shows conclusively, that, at the time the suit was commenced, the defendant Lee was, and had been for some time, in possession of at least a portion of the premises, occupying the only building thereon, and was asserting and claiming possession of the remainder. The plaintiff seeks to have his title to the entire tract quieted, but is admittedly not in possession of a considerable portion thereof, and is therefore as effectually barred from the relief sought as if entirely out of possession. It may be, under proper pleadings and evidence, that the court could, in a case of this character, ascertain what definite part of a tract of land, if any, a plaintiff is in possession of, and quiet his title thereto; but nothing of that sort was attempted by the pleadings and evidence in this case. We think, therefore, the court had no jurisdiction to determine the dispute between the parties by a proceeding in equity. The decree of the court below must therefore be reversed, and the complaint dismissed.        REVERSED.

Decided 4 February; rehearing denied 4 March, 1901.