## MOORE *v.* SHOFNER.

[67 Pac. 511.]

PLEADING—PLEAS IN EQUITY—OBJECTION TO JURISDICTION.

1. Under the practice in Oregon, the common law pleas in equity no longer prevail, and objections to the jurisdiction are presented by other pleadings.

SUIT TO QUIET TITLE—POSSESSION.

2. In a suit under Section 504 of Hill's Ann. Laws, as amended by Laws, 1899, p. 227, § 1, providing that anyone claiming an interest in realty not in the actual possession of another may maintain a suit in equity against persons claiming adversely to determine their claims. it is necessary to both plead and prove that the land is not in the possession of anyone.

PLEADING—CONSTRUCTION OF ANSWER.

3. In a suit to determine an adverse claim to realty under Section 504 of Hill's Ann. Laws, as amended (Laws, 1899, p. 227), defendant first filed an answer denying plaintiff's allegation that no one was in possession, asserting actual possession in himself, averring that the court was without jurisdiction, and praying that the suit be abated. This answer was treated as in abatement, and denied by the court, whereupon defendant filed another answer, in which, after repeating the first, he denied plaintiff's title, asserted title in himself and possession for more than ten years, pleaded an estoppel, and again denied the court's jurisdiction. *Held,* that defendant did not waive the objection to the jurisdiction by filing the second answer, the trial thereon being in effect, a retrial as to the jurisdiction on an amended answer ; and hence the appellate court must try the case *de novo* on the amended pleadings.

PROOFS IN SUITS TO QUIET TITLE.

4. Unless the plaintiff in a suit to determine an adverse interest to realty proves that the premises are not in the possession of anyone, there is no equitable jurisdiction, and the complaint should be dismissed without any attempt to settle questions of title.

From Multnomah: JOHN B. CLELAND, Judge.

Suit by C. A. Moore against J. C. Shofner. There was a decree for defendant, from which plaintiff appeals.

MODIFIED.

For appellant there was a brief by *Mr. Chas. A. Moore, in pro. per.*, with an oral argument by *Mr. Moore* and *Mr. Frank Schlegel.*

For respondent there was a brief over the names of *Horace B. Nicholas* and *Newton McCoy,* with an oral argument by *Mr. Nicholas.*

MR. JUSTICE WOLVERTON delivered the opinion.

This is a suit to determine an adverse estate or interest in realty. The complaint contains allegations that the plaintiff is the owner in fee simple of the property in controversy, consisting of four lots in Carter's Addition to the City of Portland, and that it is not in the actual possession of any one else. His title depends upon four deeds executed by the Chief of Police of the City of Portland in pursuance of bids made by him at the sales of the respective lots for delinquent sewer assessments, the defendant being the owner at the time of the assessments and sales. To the complaint the defendant first filed an answer, denominated a plea in abatement, by which he simply denied that no one is in possession of the premises, and set up that he is now, was at the time of the commencement of the suit, and for a long time prior thereto had been, in actual possession, and other facts indicating such possession, followed by an averment that the court was without jurisdiction of the subject-matter, and .a prayer that the suit be abated. This was treated as a plea in abatement, and a trial was had upon the issues tendered, resulting in a denial of the plea. Thereupon defendant filed an answer denying that plaintiff was the owner in fee, and that no one is in actual possession, and, the other allegations having been controverted,

for a separate defense he alleges that he is now, and has been for more than ten years last past, the owner in fee of said lots, and in the actual, open, notorious, and adverse possession of them as against all the world, and that neither the plaintiff, his ancestors, predecessor, nor grantor has been seised or possessed thereof within ten years next preceding the commencement of this suit; wherefore it is insisted that plaintiff is barred and estopped from maintaining the suit, and that the court has no jurisdiction of the cause. This was treated as an answer to the merits by the trial court, and so tried out, resulting in a decree dismissing the complaint, decreeing that the defendant was the owner in fee simple of the property, and awarding him costs and disbursements; from which decree the plaintiff appeals.

There was much discussion at the hearing concerning the nature of the defenses interposed, it being contended upon the one side that the first answer was purely a plea in abatement, and, the court having disposed of the matter and passed on to the hearing under the subsequent answer upon the merits and the defendant not having appealed, that he is precluded from insisting upon a hearing here as to that plea; while on the other hand, it is insisted that both pleas constituted answers going to the jurisdiction of the court, and that the second hearing should be treated as a rehearing upon the same question, and therefore that defendant is entitled to a hearing in this court upon the whole matter, the trial being *de novo*.

1. Our statute provides that "the objection to the jurisdiction of the court, or that the complaint does not state facts sufficient to constitute a cause of suit, if not taken by demurrer or answer, may be made on the trial": Hill's Ann. Laws, § 392. Within the purview of that section, objection to the jurisdiction of the court may be taken by answer; and pleas in equity, as known to the common law, seem to have been dispensed with.

2. The suit is instituted under Section 504 of Hill's Ann. Laws, as amended by Laws, 1899, p. 227, which provides: "Any person claiming an interest or estate in real estate not

in the actual possession of another, may maintain a suit in equity against another who claims an interest or estate therein adverse to him, for the purpose of determining such conflicting or adverse claims, interests or estates.'' The original section gave the right of suit to any person in possession by himself or tenant, and its purpose and the scope of its meaning has become well understood. In construing the section in the early case of *Stark* v. *Starrs*, 73 U. S. (6 Wall.) 402, 410, Mr. Justice Field says: ''We do not, however, understand that the mere naked possession of the plaintiff is sufficient to authorize him to institute the suit, and require an exhibition of the estate of the adverse claimant, though the language of the statute is that 'any person in possession, by himself or his tenant, may maintain' the suit. His possession must be accompanied with a claim of right,—that is, must be founded upon title, legal or equitable,—and such claim or title must be exhibited by the proofs, and, perhaps, in the pleadings also; before the adverse claimant can be required to produce the evidence upon which he rests his claim of an adverse estate or interest.'' So, in *United States* v. *Wilson*, 118 U. S. 86, 89 (6 Sup. Ct. 991, 992), it is said: ''Bills *quia timet* such as this is, to remove a cloud from a legal title, cannot be brought by one not in possession of the real estate in controversy, because the law gives a remedy by ejectment, which is plain, adequate, and complete.'' And by the adjudications of this court, without possession the plaintiff could not maintain the suit: *Kelly* v. *Ruble*, 11 Or. 75, 108 (4 Pac. 593) ; *Edgar* v. *Edgar*, 26 Or. 65 (37 Pac. 73) ; *O'Hara* v. *Parker*, 27 Or. 156 (39 Pac. 1004) ; *Lovelady* v. *Burgess*, 32 Or. 418 (52 Pac. 25) ; *Silver* v. *Lee*, 38 Or. 508 (63 Pac. 882). The same result has been reached in adjudications elsewhere: *Brooks* v. *Calderwood*, 34 Cal. 563; *Shaffer* v. *Whelpley*, 37 Wis. 334; *Churchill* v. *Onderdonk*, 59 N. Y. 134.

Under the ordinary equitable jurisdiction to remove a cloud and to quiet possession to realty the bill could not be maintained without clear proof of both possession and legal title in the plaintiff: *Frost* v. *Spitley*, 121 U. S. 552 (7 Sup.

Ct. 1129), and cases cited at p. 556, 121 U. S. (p. 1129, 7 Sup. Ct.)   The statutory provision for determining an adverse claim is an enlargement of the common-law right, but the necessity of allegations and proof as to the title relied on and possession remains.   The amendment of 1899 changed the condition upon which the suit may be maintained, and the plaintiff now has his remedy in equity to determine an adverse or conflicting claim if the realty be not in the actual possession of another.   The purpose, no doubt, was so to enlarge the remedy that the title may be quieted where the lands are vacant and unoccupied, and the plaintiff is unable to show such a possession as to bring himself within the purview of the old statute.   Illinois has a statute that gives the remedy "whether the lands in controversy are improved or occupied, or unimproved and unoccupied."   Construing this act in connection with the former practice under the old equity system, the court say: "Since that enactment we have held there are only two cases under our law in which a party may file a bill to quiet title or to remove a cloud from the title to real property:   First, where he is in possession of the lands; and, second, where he claims to be the owner, and the lands in controversy are unimproved and unoccupied": *Gage* v. *Abbott,* 99 Ill. 366, 367, citing *Hardin* v. *Jones,* 86 Ill. 313.   And as to the necessity of proof that the premises are unoccupied it was said in *Glos* v. *Randolph,* 133 Ill. 197 (24 N. E. 426): "The bill alleges, among other things, 'that said real estate is vacant and unoccupied.'   This allegation is material.   There are but two cases under our statute in which a bill to remove cloud from title can be maintained, viz., where the complainant is in possession of the premises, or where they are unoccupied. * * * There is no evidence whatever in this record tending to prove the allegation, nor is it admitted by the answer. * * * For want of proof on the part of the appellee that at the time she filed her bill the premises in question were unoccupied, her bill should have been dismissed."   So that here we have an interpretation of an analogous statute and an indication as to the proper practice within its purview.   It

is shown to be necessary that the owner of real estate seeking to have his title thereto quieted must allege and prove that it is not in the possession of another, otherwise he will be relegated to a court of law, where he has an adequate remedy, and a denial thereof is a challenge to the jurisdiction of the court. Under the old equity practice the question was raised by a plea to the jurisdiction, but under the statute it is presented by answer. Such a denial by answer, under the authorities, puts the plaintiff to his proof, and if he fails therein the relief will be withheld; and this is as far as the defendant needs to go with his answer, if he relies upon the want of equitable jurisdiction to defeat the suit [*Love* v. *Morrill,* 19 Or. 545 (24 Pac. 916)]; for, if he sets up his own title, and asks affirmative relief, he thereby submits himself to the jurisdiction of the court, and cannot further insist that plaintiff ought not to maintain his suit in equity [*O'Hara* v. *Parker,* 27 Or. 156 (39 Pac. 1004); *State* v. *Blize,* 37 Or. 404, 61 Pac. 735)].

3. In the case at bar the defendant, by his plea, so called, simply denies the allegation that no one was in possession, and sets up his own possession, running back for more than ten years last past, while in his answer he denies both title and that no one is in the actual possession, and sets up as a further and separate defense that he is the owner in fee, and other matters showing that by reason of his adverse possession for more than ten years plaintiff is not entitled to maintain the suit. He asks no affirmative relief, but insists that by reason of the facts alleged the court has no jurisdiction, thus indicating as plainly and strongly as possible that he was relying solely upon the want of equitable jurisdiction to defeat the plaintiff's cause of suit, not that he proposed measuring the strength of his own title with that of plaintiff, and was willing that a court of equity should determine the controversy. Both the plea, so-called, and the answer are of the same nature, The only difference is that the answer goes a little further in its denials and affirmative allegations, but it does not change the nature of the relief sought; and thus both question the jurisdiction of the court. The only effect, therefore, of the

trial upon the second answer was a retrial as to the jurisdiction upon an amended answer, and this court must·try the case anew as presented by the amended pleadings, the so-called plea being virtually out of the case, as it has been superseded by the answer.

4. At the trial the plaintiff simply introduced his deeds executed by the chief of police, and rested, without attempting to show that the property was not in the actual possession of another. The defendant thereupon offered his title deeds, and showed that he was then in possession, and had been since long prior to the institution of the suit; that his possession consisted in having the lots inclosed with a fence, and using them as a pasture for his cows, and having a spring house built over a spring thereon, from which water was used to supply the dwelling. This disproves plaintiff's cause, to say nothing of his failure to establish his allegation that the lots were not in the actual possession of another, the burden of which, as we have seen, was with him; and he must, therefore, fail, because he has not established the facts necessary to call into requisition the equitable jurisdiction to give him relief. The court below decreed the title to be in the defendant. Being without jurisdiction, it could not go to that extent. The defendant had not demanded it, and the court should have dismissed the complaint merely with costs to the defendant, and such will be the order of this court.

The decree of the court below will be modified accordingly.

MODIFIED.