Argued 3 July, decided 16 July, 1907.

### HENDERSHOTT *v.* SAGSVOLD.

90 Pac. 1104.

REMOVING CLOUD—POSSESSION BY DEFENDANT—REMEDY AT LAW.

1. A suit to remove a cloud or to quiet title cannot be brought under Section 516, B. & C. Comp., against one in possession of the property, since then an adequate remedy exists at law by an action of ejectment.

TAXATION—REDEMPTION FROM TAX SALES—EFFECT OF DEED.

2. Under Sections 3124, 3125 and 3127, B. & C. Comp., providing for redemption from tax sales of real property within a fixed time and for the issuing of a deed by the sheriff to the holder of the certificate of tax sale, no redemption can be made in any manner after the tax deed has been issued and by such a deed the grantee acquires all the title held by the former owner.

TAX SALES—REMEDY AGAINST TAX DEED CLAIMANT.

3. Where the proceedings leading up to a tax sale and deed are void, the remedy of the owner is at law, unless he may bring a suit under B. &

C. Comp. § 516, authorizing one claiming an interest in real estate not in the actual possession of another to maintain a suit against another claiming an estate therein to determine conflicting interests.

Statement by MR. CHIEF JUSTICE BEAN.

The plaintiff, H. M. Hendershott, brought this suit against H. L. Sagsvold for an accounting and for permission to redeem from a void tax sale. In 1895 the plaintiff was the owner and in possession of the real property in controversy. It was regularly assessed for state and county taxes that year. The taxes were suffered to become delinquent, and in December, 1896, the property was sold by the sheriff, under a warrant for the collection of delinquent taxes, to one J. K. Marlay, who subsequently assigned his certificate to P. H. Marlay, and on December 12, 1898, the sheriff executed and delivered to him a tax deed. Thereafter Marlay conveyed the property to the present defendant. It is alleged in the complaint that all the proceedings leading up to the tax sale and deed are null and void, because of certain defects pointed out, and that defendant is and has been, since December, 1901, in possession of the property holding under such deed, and that his use and occupation thereof is reasonably worth $850; that plaintiff is willing to repay all sums paid by him or his predecessors in interest on account of such tax sale. The prayer is for an accounting and for permission to redeem from tax sale, by paying the amount found to be equitably due plaintiff. To this complaint a demurrer was interposed principally on the ground that it does not state facts sufficient to constitute a cause of suit, because it affirmatively alleges that the defendant was, at the time of the commencement of the suit, in possession of the property in controversy. The demurrer was overruled, and a decree entered in favor of plaintiff, from which defendant appeals.        REVERSED.

For appellant there was a brief over the name of *Carson & Cannon,* with an oral argument by *Mr. A. M. Cannon.*

For respondent there was a brief over the names of *W. H. Holmes, Horace Brown Nicholas* and *Webster Holmes,* with oral arguments by *Mr. Nicholas* and *Mr. Webster Holmes.*

49 OR,— 38

Opinion by Mr. Chief Justice Bean.

1. The statute authorizes any person claiming an interest in real property, not in the actual possession of another, to maintain a suit against another who claims an estate or interest therein adverse to him for the purpose of determining such conflicting or adverse interest: B. & C. Comp. § 516. A suit cannot be brought under this statute when the property is in the possession of another, because in such case there is a plain, adequate and complete remedy at law: *Coolidge* v. *Forward,* 11 Or. 118 (2 Pac. 292); *Edgar* v. *Edgar,* 26 Or. 65 (37 Pac. 73); *O'Hara* v. *Parker,* 27 Or. 156 (39 Pac. 1004); *Lovelady* v. *Burgess,* 32 Or. 418 (52 Pac. 25); *Silver* v. *Lee,* 38 Or. 508 (63 Pac. 882). It is incumbent upon the plaintiff in such a suit to allege and prove, if controverted, that the property is not in possession of another; otherwise he will be relegated to his remedy at law: *Moore* v. *Shofner,* 40 Or. 488 (67 Pac. 511).

2. The plaintiff does not question this rule, but he insists that the present suit is not a technical suit to quiet title or determine an adverse claim to real property, but to redeem from a tax sale. There is no such proceeding known to our jurisdiction after issuance of a tax deed. Real property which has been sold for taxes may be redeemed at any time before the execution of a tax deed, by payment to the tax collector, for the benefit of the holder of the tax certificate, the amount paid therefor, with interest, and all taxes, assessments, penalties, interest and costs accruing after the issuance of the certificate, with interest; and such redemption will operate as a cancellation of the sale and a release of all claim on the property by virtue of the tax certificate: B. & C. Comp. §§ 3124, 3125. But if redemption is not made within three years from the date of the sale, the tax collector is required to make out and deliver to the purchaser a deed for the land, which shall vest in him "all the right, title, interest and estate of the former owner": B. & C. Comp. § 3127. The redemption must, therefore, be made, if at all, before the execution of the tax deed. If not so made, the title of the former owner is vested in the purchaser if the tax proceedings are valid.

3. If the proceedings are not valid, the remedy of the owner is at law, unless he is in a situation to bring a suit to quiet title or to determine an adverse claim therein: B. & C. Comp. § 516.

The plaintiff cites *Dolan* v. *Jones,* 37 Wash. 176 (79 Pac. 640), as an authority to sustain this suit; but the tax laws of Washington are essentially different from ours. In that state property is not sold by the tax collector for delinquent taxes, but a certificate of delinquency is issued by him (Ballinger's Ann. Codes & St. § 1749), which must be foreclosed in a court of competent jurisdiction (Ballinger's Ann. Codes & St. § 1751), before the right of redemption is barred. In *Dolan* v. *Jones* there was an attempt to foreclose such a certificate, but the proceedings were void for want of jurisdiction. The court held that the right of redemption was not thereby barred, and a suit to redeem from a certificate of delinquency was not technically a suit to determine an adverse claim to real estate, and could be maintained by one not in possession. The case is therefore not an authority, under our method of procedure.

It follows that the decree of the court below must be reversed, and one entered here dismissing the complaint.

REVERSED.