Argued January 20, decided February 15, 1910.

### COMEGYS *v.* HENDRICKS.

[106 Pac. 1016.]

QUIETING TITLE—RIGHT OF ACTION—STATUTES.

1. Prior to the passage of Section 516, B. & C. Comp., permitting a person claiming an interest in real property which is not in the actual possession of another to maintain a suit against any other adverse claimant for the purpose of determining such conflicting alleged property right, no person could prosecute a suit to determine an adverse claim to land, unless he was in possession thereof, either by himself or his tenant.

QUIETING TITLE — REMEDIES — LEGAL AND EQUITABLE — BURDEN OF PROOF.

2. In proceedings to determine adverse title to land, if any person other than the plaintiff was in the actual possession of the premises, an action at law was the proper remedy, and not a suit in equity, and under Section 390, B. & C. Comp., providing that a suit in equity for enforcement of a private right can be maintained only when no plain, adequate, and complete remedy at law exists, where plaintiff's allegation that the lands were unoccupied was denied in the answer, which asked no affirmative relief, the burden was on plaintiff to show that no person was in possession of the premises, so as to give the court of equity jurisdiction of the subject-matter of the suit, and on failing to do this he was not, under the terms of Section 411, B. & C. Comp., entitled to relief in equity.

From Lane:   LAWRENCE T. HARRIS, Judge.

This is a suit by Edna Comegys against T. G. Hendricks as executor of the last will and testament of Arthur Comegys, deceased, and Presley Comegys, to determine an adverse interest in real property, in such a decree was rendered in favor of plaintiff upon the pleadings, and defendants appeal.

REVERSED: SUIT DISMISSED.

For appellants there was a brief over the names of *Messrs. Woodcock & Potter* with an oral argument by *Mr. Edwin O. Potter.*

For respondent there was a brief over the names of *Messrs. Williams & Bean* with an oral argument by *Mr. John Williams.*

Opinion by MR. CHIEF JUSTICE MOORE.

This is an appeal by the defendants from a decree rendered against them on the pleadings in a suit to determine an adverse interest in real property.

1. It is maintained by the defendants' counsel that, as no evidence was offered at the trial, an error was committed in granting the relief awarded, for the following allegation in the complaint, to wit, "that the said lands are vacant and unoccupied," was denied in the answer, the prayer of which did not ask for affirmative relief, but for a dismissal of the suit. By the amendment of 1899 (Laws 1899, p. 227) the statute now in force permits a person claiming an interest or estate in real property, which is not in the actual possession of another, to maintain a suit against any adverse claimant for the purpose of determining such conflicting alleged property right. Section 516, B. & C. Comp. Prior to the alteration mentioned, no person could prosecute a suit to determine an adverse claim to land, unless he was in the possession thereof, either by himself or by his tenant. Hill's Ann. Laws 1887, § 504. Notwithstanding the recognition of the existence of the general maxim "that equity will not suffer a wrong without a remedy," until this amendment was adopted a person who claimed an interest or estate in land which was uninhabited was practically without redress, for, no person being in possession of the premises, or acting as the owner thereof, an action for ejectment would not lie. Section 326, B. & C. Comp. *Holland* v. *Challan,* 110 U. S. 15, 21 (3 Sup. Ct. 495: 28 L. Ed. 52) ; *McLeod* v. *Lloyd,* 43 Or. 260, 276 (71 Pac. 795: 74 Pac. 491).

2. When a plain, adequate, and complete remedy at law exists, a suit in equity for the enforcement of a pri-

vate right, or the prevention of or a redress for an injury thereto, cannot be maintained.   Section 390, B. & C. Comp.   If, therefore, when this suit was commenced, any person, other than the plaintiff, was in the actual possession of the premises described in the complaint, an action at law was the proper remedy.   *Coles* v. *Meskimen,* 48 Or. 54, 56 (85 Pac. 67).   The issue that was made, as hereinbefore stated, invited a contest respecting the jurisdiction of the court over the subject-matter and imposed on the plaintiff the burden of establishing that fact.   *Moore* v. *Shofner,* 40 Or. 488 (67 Pac. 511) ; *Hendershott* v. *Sagsvold,* 49 Or. 592 (90 Pac. 1104).   The plaintiff did not offer any evidence in support of the controverted question, and thereby failed to substantiate her right to any affirmative relief.   Section 411, B. & C. Comp.

The decree will therefore be reversed, and the suit dismissed, but without prejudice, for the plaintiff evidently has valuable interests in the land, which should be determined.   The defendants are entitled to their costs and disbursements in this court and in the court below.

REVERSED : SUIT DISMISSED.