Argued July 18, decided August 9, 1910.

## HODGKIN *v.* BOSWELL.

[110 Pac. 487.]

QUIETING TITLE—COMPLAINT—POSSESSION OF PREMISES.

1. A complaint in an action to remove a cloud on title which merely alleges that plaintiff is the owner, and entitled to the undisturbed and peaceful possession of the premises, is defective for failure to show either that plaintiff is in possession or that the premises are not in possession of another, or some other fact conferring equity jurisdiction.

QUIETING TITLE—STATUTORY PROVISIONS—PRACTICE.

2. Section 516, B. & C. Comp., providing that the owner of real estate may bring a suit in equity against another claimant where the property is not in the actual possession of another, is not a limitation upon the previous jurisdiction of equity to quiet title or to remove a cloud therefrom, but enlarges that jurisdiction so as to give a remedy in certain cases where without it none existed, and a suit to remove a cloud from title brought under the old equity practice is not governed by the strict letter of the statute.

PLEADING—DEMURRER—WAIVER OF OBJECTION TO RULING—ANSWER.

3. In an action to remove a cloud on title, defendant, by answering to the merits after his demurrer for want of facts was overruled, did not waive his objection that the complaint did not show any ground of equity jurisdiction, where the answer merely denied the averments of the complaint without setting up an affirmative defense or asking affirmative relief.

PLEADING—AMENDMENT—APPLICATION FOR LEAVE—TIME.

4. Where plaintiff in his brief in the trial court asked leave to amend in case the court held the complaint defective, and accompanied it with a motion to re-refer the case to take further testimony, the applications

were made before the final submission of the case, so that the court had power to grant the applications, if they were otherwise meritorious.

QUIETING TITLE—COMPLAINT—AMENDMENT.

5. A complaint to remove a cloud on title alleged merely that plaintiff was the owner and entitled to peaceable possession, but did not show who was in possession or allege any distinct ground for relief in equity. *Held*, that a proffered amendment that the premises were not in the possession of the defendant should have been allowed, as showing a case where neither party was in possession, so that plaintiff would have no adequate remedy at law.

APPEAL AND ERROR—DISCRETION OF TRIAL COURT—LEAVE TO AMEND.

6. While the appellate court in a case at law will not review the exercise of the trial court's discretion in denying leave to amend the complaint, unless there has been an abuse of discretion, the rule is otherwise in equity, where the case is tried *de novo* on appeal without reference to the findings of the lower court.

From Malheur: GEORGE E. DAVIS, Judge.

This is a suit by Frank E. Hodgkin against John Boswell, to remove a cloud from the title to a certain lot in the town of Vale, Malheur County, Oregon. From a decree in favor of defendant and dismissing the complaint, plaintiff appeals.     REVERSED.

For appellant there was a brief and an oral argument by *Mr. George W. Hayes.*

For respondent there was a brief over the names of *Mr. John W. McCulloch* and *Mr. Dalton Biggs,* with oral arguments by *Mr. Biggs* and *Mr. R. M. Duncan.*

MR. JUSTICE SLATER delivered the opinion of the court.

1. This is a suit to remove an alleged cloud from plaintiff's title to lot 4, block 25, of Eldredge's addition to the town of Vale, in Malheur County. It is alleged in the complaint that plaintiff "is the owner in fee simple * * and entitled to the undisturbed and peaceful possession" of the described lot. Other averments are to the effect that defendant claims title under a tax deed issued to J. A. Newton on January 24, 1903, who thereafter conveyed to defendant; that the sale was on January 14, 1901, and was for delinquent taxes for the years 1895 to 1899, inclusive; that a certificate of sale was issued to said pur-

chaser on the day of sale; that the certificate and deed are void because for each of the years named no list of unpaid taxes was returnd, and no affidavit was made by the sheriff that any taxes were unpaid; that no warrant was issued by the county court to the sheriff, commanding him to sell real property to pay taxes claimed to be due, and because there was no assessment of said lot for the year 1899, and for all these reasons the sheriff had no authority to make such sale. The complaint was filed December 5, 1906. Defendant demurred on the ground that the complaint did not state sufficient facts, without specifying in what particular it was deficient. Afterwards he obtained permission to substitute another demurrer, stating the same ground, and also that the suit was not brought within the time limited by the code. This demurrer was overruled, and defendant answered, putting at issue by general denial all the averments of the complaint. The cause was referred, testimony taken, and reported to the court. The parties then stipulated that the matter might be submitted to the trial judge during vacation, an opinion to be rendered thereon, which should be of the same force and effect as if rendered in term time. It appears counsel furnished to the trial judge briefs, wherein defendant urged that the complaint was insufficient, because of the absence of any averment therein that at the time suit was brought either the plaintiff was in the possession of the premises or that the premises were not in the possession of another. Plaintiff in his reply brief controverted the necessity of such an allegation, in view of defendant having tendered an issue on the merits, without having specifically objected to the jurisdiction of the court for the reason specified, and plaintiff still so contends; but in his answering brief to the lower court he at the same time asked if the court should hold against his contention for leave to amend his complaint by inserting an averment therein that the prem-

ises are "not in the possession at this time of the defendant, John Boswell," and that the cause be re-referred for the taking of additional testimony. The trial court, without discussing the merits of the case, filed a written opinion in which he held that the complaint is amendable to the objection urged against it by defendant, and that defendant had not waived his right to thus object to the sufficiency of the complaint by tendering issue upon the merits. In this ruling we concur, but the court denied plaintiff's leave to amend, and thereupon entered a decree dismissing the suit, from which plaintiff has appealed, and it is upon this latter ruling of the trial court that the principal contention is now made.

2. This suit is not a statutory action to determine an adverse claim to title, and therefore is not governed by the strict letter of Section 516, B. & C. Comp., which statute is not a limitation upon the previous jurisdiction of equity to quiet title or to remove a cloud therefrom, but enlarges that jurisdiction so as to give a remedy in certain cases where without it none existed. *State* v. *Warner Valley Stock Co.* 56 Or. 283 (106 Pac. 780.) Nor is this suit one to quiet title, technically so called under the ancient equity practice, but is to remove a cloud, between which latter remedies there is a substantial difference. 17 Ency. Pl. & Pr. 277. Therefore to determine the questions here involved we are not required to look to the statute for the limitations as to the jurisdiction of the court, but we must go to the decisions of equity courts controlling in cases brought to remove a cloud from a title. There is much confusion and conflict in the cases as to whether or not the plaintiff must be in possession in order to maintain a suit to remove a cloud. This confusion, it has been said, is due partly to a failure to note that the jurisdiction to quiet title, and that to remove a cloud rest upon different grounds. 17 Ency. Pl. & Pr. 305. In some cases the rule is so broadly stated as to require a plaintiff

asking to have a cloud removed to be in possession under
all circumstances; while, on the other hand, it has been
also as broadly stated that possession is never essential.
Mr. Pomeroy, in a footnote to Section 1399 of his valuable
work on Equity Jurisprudence (3 ed.), has derived from
the various decisions on this question the following rule,
which he thinks harmonizes most of the conflicting cases:

"When the estate or interest to be protected is equit-
able, the jurisdiction should be exercised, whether the
plaintiff is in or out of possession, for under these cir-
cumstances legal remedies are not possible; but, when
the estate or interest is legal in its nature, the exercise
of the jurisdiction depends upon the adequacy of legal
remedies. Thus, for example, a plaintiff out of posses-
sion holding the legal title will be left to his remedy by
ejectment under ordinary circumstances [citing author-
ities], but where he is in possession, and thus unable to
obtain any adequate legal relief he may resort to equity
[citing authorities]. Where, on the other hand, a party
out of possession has an equitable title, or where he holds
the legal title under circumstances that the law cannot
furnish him full and complete relief, his resort to equity
to have a cloud removed ought not to be questioned."

Every case of this character, therefore, should be con-
sidered with reference to the facts before the court. The
title asserted by plaintiff in the present case is a legal
title. He does not allege that he is in possession, but
only that he is entitled to possession. No particular or
special fact is averred, such as a fraud in procurement
of the execution of the deed sought to be canceled, upon
which equity might act, aside from the fact that a cloud
is cast upon the title. Where fraud is averred, equity
assumes jurisdiction regardless of whether plaintiff is in
or out of possession. *State* v. *Warner Valley Stock Co.*,
56 Or. 283 (106 Pac. 780.) Nor is any other fact alleged
tending to show that the legal remedy of ejectment is
inadequate. The facts averred are substantially identical
with those set forth in *Hendershott* v. *Sagsvold,* 49 Or.

592 (90 Pac. 1104), where a tax deed was claimed to be
void by reason of certain irregularities occurring in the
assessment.  It was there held that the plaintiff must aver
and prove that he was in possession, or some other fact
sufficient to establish the jurisdiction of the court.  We
think this ruling is controlling in the present case.

3. The defendant, by his answer, denied the averments
of the complaint, but made no affirmative defense, and
did not ask for any affirmative equitable relief.  The case
therefore does not come within the rule announced by
this court in *O'Hara* v. *Parker,* 27 Or. 167 (39 Pac. 1004),
and defendant did not waive the objection that the com-
plaint did not state facts sufficient to confer jurisdiction
upon an equity court.

4. The court denied to plaintiff leave to amend, appar-
ently upon two grounds:  First, because in the opinion of
that court it was beyond the authority conferred by the
statute; and, second, because the proffered amendment
was equally vulnerable to a demurrer.  The amendment
was requested in the course of a written argument fur-
nished by counsel to the trial court, and was accompanied
by a motion to re-refer the case for the taking of further
testimony.  We think, therefore, the request to amend
and the motion to re-refer came before a final submission
of the cause, and authority to allow the motion may be
deduced from the holding of this court in the case of
*Bishop* v. *Baisley,* 28 Or. 119, 127 (41 Pac. 936), if
otherwise in the judgment of the court it ought to have
been allowed.

5. The objection that the amendment offered, to the
effect that the premises are "not in the possession of the
defendant, John Boswell," would be equally subject to
demurrer, we think is untenable.  True, this language
may not be so comprehensive as, or equivalent to, the
language of Section 516 of the code, upon which the trial
court relied, namely, "not in the actual possession of

another," but we have said that such statute does not control this case. It is governed by the practice and jurisdiction of equity courts, exercised by these courts anterior to the statute. If the defendant is not in possession, either by himself or by his tenant, we cannot see that plaintiff, although not in possession, has an adequate remedy at law. When amended as proposed, the complaint would make a case where neither party is in possession, and this would come within the rule and practice of equity courts, as announced by the decisions: Pomeroy's Equitable Remedies, § 732.

6. We think the trial court had power to allow the amendment and refer the case for the further taking of testimony, and that in the furtherance of justice, under the facts shown, it should have so ordered. It is urged by defendant's counsel, however, that the granting of leave to amend was not a matter of right, but within the discretion of the court, and, the court having acted in denial of the motion, this court cannot reverse that ruling unless we find that by so holding the court committed an abuse of its discretion. That would be the rule in a law action in this court, where only alleged errors of the lower court are considered, and the judgment is affirmed, modified, or reversed solely on a consideration of such alleged errors. But an equity case in this court is not so tried. It is here tried *de novo,* without reference to the findings of the lower court. Section 406, B. & C. Comp.

The decree will therefore be reversed and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.          REVERSED.