Argued February 15, decided February 28, 1911.

## BRADTL v. SHARKEY.

[113 Pac. 653.]

QUIETING TITLE—POSSESSION BY PLAINTIFF—WAIVER BY DEFENDANT.

1. Where defendant in an action to quiet title sets up affirmatively his own title, and asks affirmative relief, he waives the requirement that plaintiff prove possession of the property at the time the suit was commenced.

VENDOR AND PURCHASER—BONA FIDE PURCHASERS—NOTICE—RECORDS.

2. Under Section 7129, L. O. L., making a recorded deed constructive notice to subsequent purchasers, a recorded deed is not constructive notice to a prior grantee.

ADVERSE POSSESSION—EXTENT OF POSSESSION—POSSESSION UNDER COLOR
        OF TITLE.

3. The general rule that possession of a part of a tract of land, under a deed to the whole, is constructive possession of the whole does not apply where the part claimed adversely was covered by timber and brush, and was not actually occupied or improved by any one, and there was nothing to put the true owner on notice; the person claiming possession not having claimed to a particular line, but only to a distance sufficient to include a certain number of acres.

ADVERSE POSSESSION—ACTUAL POSSESSION—EVIDENCE.

4. Evidence *held* insufficient to show that defendant ever intended to claim the specific tract in dispute, so as to obtain title by adverse possession.

From Clackamas: JAMES A. EAKIN, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is a suit by J. C. Bradtl against M. J. Sharkey to quiet the title to certain lands in Clackamas County. The facts disclosed and brought out at the trial are as follows:

In January, 1883, Chestina C. Williams, being the owner of a tract of land situated in Clackamas County, conveyed 160 acres of the northerly portion to H. E. Cross and N. W. Randall, describing the same by metes and bounds. The conveyance included the land now in dispute, and defendant concedes that Cross and Randall became the owners in fee simple of the tract now claimed by him. In 1889 Mrs. Williams entered into a contract with the defendant for the sale of the remainder of the land, and gave him a bond for a deed, which, by mistake, failed to describe the land, or any land, in Clackamas County, and which was never recorded. Shortly after the execution of the bond, defendant entered upon the tract and made substantial improvement near the southern boundary, but did not fence nor improve the disputed land, or in any way occupy it, except that, in the year 1890 or 1891, he cut some boat knees upon it, the extent of which cutting does not appear. On November 5, 1895, having completed his payments, he received a deed from Mrs. Williams, purporting to convey to him 75½ acres of land, and describing it by metes and bounds. The description embraces a part of the tract theretofore conveyed to Cross and Randall, the overlap including about ten acres of land, wholly unimproved and covered with timber and brush. In November, 1906, plaintiff purchased the land conveyed by Mrs. Williams to Cross

and Randall, and a survey made about that time disclosed the existence of the overlap in the description in the two deeds. Defendant then insisted that plaintiff had more than 160 acres of land, and there is testimony indicating that plaintiff and defendant agreed that, if a survey disclosed that fact, plaintiff was to convey any surplus to defendant, and, if otherwise, that defendant would make no further claim. A second survey showed that plaintiff had no more than his deed called for, and no settlement was made. In 1907 plaintiff sold the timber on the southern portion of his place, and when the cutting approached the overlap, defendant erected a fence of poles and brush a part of the way across the tract upon what he claimed as his line, and forbade plaintiff and the timber cutters from trespassing thereon, but by orders from plaintiff the fence was thrown down and the cutting continued. Plaintiff brought this suit to quiet his title. Defendant answered, denying plaintiff's title and possession, alleging title in himself by adverse possession, and praying that it be quieted as against the claims of plaintiff. Plaintiff had a decree, and defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. J. B. Ryan* and *Mr. George C. Brownell,* with an oral argument by *Mr. Ryan.*

For respondent there was a brief and an oral argument by *Mr. Joseph E. Hedges.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The defendant claims that the court should have dismissed the suit, because plaintiff failed to prove possession of the property at the time the suit was commenced, but defendant has waived this requirement of the statute by setting up affirmatively his own title and asking affirmative relief: *O'Hara* v. *Parker,* 27 Or. 156 (39 Pac.

1004) ; *Moore* v. *Shofner,* 40 Or. 488 (67 Pac. 511.) In addition to this, we think the testimony shows that plaintiff and his lessees were in actual possession, and were cutting the timber on the land when the suit was instituted.

2. It is admitted that the legal title of record to the disputed strip is in plaintiff, and he is entitled to prevail, unless defendant has shown 10 years open, notorious, hostile, adverse possession. Defendant entered upon the tract bought by him in 1889, but beyond the temporary incursions made upon the land in dispute in 1890 or 1891, for the purpose of cutting boat knees, there is no evidence that he ever did anything which would be notice to anybody that he claimed it until shortly before this suit was begun. His bond from Mrs. Williams was not recorded, and if it had been it would have conveyed no notice to plaintiff's grantors, as it described no land in Clackamas County. The recording of defendant's deed in 1895 was not constructive notice of anything to Cross and Randall. A purchaser, who has recorded the conveyance by which he acquires title, is not bound to watch the records to see if his grantor has subsequently conveyed the same land or some part of it to some other person. A deed is only constructive notice to subsequent purchasers. Section 7129, L. O. L.

3. It is frequently and very generally true that possession of a part of a tract of land, under a deed to the whole, is constructive possession of the whole, but the rule is not absolute. It is a rule of evidence, not one of property, and it may be more properly said that such holding is only evidence of possession, and such evidence of an intent to claim the whole tract deeded as, with certain well-defined exceptions, will be conclusive. The theory is that possession of a part of a well-defined tract of land, with a deed to the whole, are such circumstances of notoriety as would naturally come to the knowledge of the true owner, and

attract his attention to the nature and extent of the claim against his property. But in cases like the present, where the overlap was covered by timber and brush, and where no part of it was actually occupied or improved by any one, and where there was nothing in defendant's occupation of a remote portion of the tract embraced in his deed to put plaintiff's grantors upon notice that he was claiming their property, the reason of the rule no longer obtains. Defendant was not claiming to a particular line upon the ground. The boundaries of his tract were not so clearly defined in his own mind that he could go to a particular line or place on the ground and say, "Here is my north line"; he could only say, "I claim to a distance far enough north to include 75½ acres."

Up to a short time before the commencement of this suit, there was nothing in his attitude or actions from which plaintiff or his grantors could infer that he intended to disseise them, or to notify them that they must bring ejectment to protect their rights. We cannot assent to the doctrine that adverse possession can be obtained in any case by stealth or by acts not calculated, under the particular circumstances of the case, to apprise the true owner that the supposed adverse claimant is actually intending to occupy his lands. In the State of Oregon are thousands of acres of timber land, remote from the centers of population and not readily subject to the observation of the owners, and the boundaries of which cannot be ascertained without careful surveys. To hold that an adjoining proprietor, who takes by a subsequent deed erroneously including land of his neighboring owner, can, without that owner's knowledge and even his own, acquire a constructive adverse possession that will in time deprive the true owner of his property, would violate every principle of justice.

"In order that the rightful owner may be divested of the whole tract described in the deed, the partial occupa-

tion must be of land included in the description of the deed which is to serve as color of title, and the actual possession of a part must be of such a character as to give rise to a reasonable presumption that the owner knows that the entry was made under color of title. If this presumption be not reasonable under the circumstances of the case, the disseisin will not extend beyond the actual occupation." Tiedeman, Real Property, (3 ed.) § 494; *Bailey* v. *Carleton,* 12 N. H. 9 (37 Am. Dec. 190.)

4. It should always be remembered that the law favors the true owner, and requires strict proof of an intent to claim his property adversely before an adverse claim can be sustained. Such clear proof does not exist in this case. Defendant intended to claim 75½ acres of land, but that he ever meant to claim the 10 acres now in dispute, or to hold that it was within the boundaries of his tract, is not sufficiently proved. The claim never was asserted positively until a survey, shortly before the beginning of this suit, demonstrated that he could only have his full quota of land by taking that which honestly belonged to his neighbor.

The decree of the circuit court was right, and should be affirmed.          AFFIRMED.