Argued May 5, affirmed May 25, 1915.

## CHORD *v.* HUBER.

(148 Pac. 1128.)

**Quieting Title—Right to Relief—Possession of Plaintiff.**

1. A party out of possession of land cannot maintain a suit to quiet title against one in actual possession under Section 516, L. O. L., authorizing any person claiming an interest in real estate not in the actual possession of another to bring an action against anyone claiming an adverse interest therein to have the adverse claims determined.

[As to suits to remove clouds on title, see notes in 67 Am. Dec. 110; 45 Am. St. Rep. 373. As to necessity that plaintiff in such action allege title or possession at time of commencement of suit, see note in Ann. Cas. 1913D, 386.]

From Baker: Gustav Anderson, Judge.

In Banc.   Statement by Mr. Justice McBride.

This is a suit by Eliza Chord against F. J. Huber to quiet title to certain real estate in the City of Baker. The complaint is in the usual form, and alleged that plaintiff was in possession of the premises at the commencement of this suit.   Defendant answered denying plaintiff's title and possession, and alleging title in fee in himself.   He further pleaded adverse possession for more than ten years, and asked affirmative relief, but subsequently and before the conclusion of the trial obtained leave, without objection, to file an affirmative answer in which the prayer for affirmative relief was eliminated.   The court dismissed the suit without prejudice, and plaintiff appeals.   Affirmed.

For appellant there was a brief and an oral argument by *Mr. John L. Rand.*

For respondent there was a brief over the name of *Messrs. Clifford & Correll,* with an oral argument by *Mr. Morton D. Clifford.*

Mr. Justice McBride delivered the opinion of the court.

The evidence is clear that plaintiff was not in possession at the time the suit was begun, but that defendant was in actual possession, although the question of whether such possession had been held adversely for ten years is debatable.   The court dismissed the suit for the reason that plaintiff had not shown possession at the commencement of the suit as required by Section 516, L. O. L., but that defendant was in actual possession.   That a party out of possession cannot maintain a suit to quiet title against one in actual

possession is clearly established in this state: *Edgar v. Edgar,* 26 Or. 65 (37 Pac. 73); *Moore* v. *Shofner,* 40 Or. 488 (67 Pac. 511); *Hendershott* v. *Sagsvold,* 49 Or. 592 (90 Pac. 1104). The case of *State* v. *Warner Valley Stock Co.,* 56 Or. 283 (106 Pac. 780, 108 Pac. 861), does not conflict with the decision above cited as the latter case was not a suit to quiet title, but to have canceled certain deeds alleged to have been wrongfully obtained from the state by defendants. In that case the court used the following language, which is applicable here:

"If plaintiff is out of possession and his remedy by ejectment is adequate, then equity will not entertain jurisdiction to remove a cloud, but there are many *quia timet* actions in which the remedy at law is not adequate, and of which equity will entertain jurisdiction whether plaintiff is in or out of possession."

Here there can be no question as to the adequacy of plaintiff's remedy at law as her title is clearly shown by the record.

The original complaint having been superseded by the amended one, and therefore being no longer a part of the record, cannot be considered as a waiver of the jurisdictional question. This controversy belongs on the law side of the court, and the decree of the Circuit Court is therefore affirmed.          AFFIRMED.